E. J. AND A. R. JEMISON v. CAROLINE T. GASTON, ADM'RX.

Under Articles 1058 and 1059 (Hart. Dig.) it is not necessary that it shall appear by the records that there was an appraisement of the land before sale; nor was it incumbent on a party claiming under such a sale to prove it.

Where an administrator presented a petition to the County Court praying for an order of sale of real estate, and that the sale might be made at the late residence of his intestate, an order of the Chief Justice made thereupon, directing the administrator to proceed to sell "according to law," taken in connection with the petition, must be understood as an order to sell at the residence of deceased.

Error from Fort Bend.   Tried below before Hon. J. H. Bell.

The plaintiff in error, E. J. Jemison, sued defendants as representatives of Hudson Gaston, deceased, for such part of

one quarter of a league of land situated in Fort Bend county, as she was entitled to as one of the heirs of Jesse Thompson, deceased, he having died in 1834, leaving as survivors his wife, Mary Thompson, and his children, H. M. Thompson, James M. Thompson, Jesse Thompson, Henry C. Thompson, Gracy Thompson, who intermarried with C. O. Edwards, Mary Thompson, who intermarried with Claiborn Rector, Lavinia Thompson, who intermarried with George A. Ferris, and plaintiff, his only children.

Defendants pleaded title in their intestate derived from Jesse Thompson, deceased, through his administrator.

From the statement of facts, it appears that H. M. Thompson administered upon the estate of his father in 1834, and the same remains open and unclosed to the present time. It further appears that Jesse Thompson died, rightfully seized of the land in controversy by regular chain of title from the Government.

In 1842, the administrator made application to the Probate Court, by petition, for an order to sell all the personal property belonging to said estate, and so many of the negroes as would be sufficient to pay the debts owing by said succession.

On the 16th January, 1843, the administrator filed another petition, in which, for reasons set forth, he prayed the Court to revoke the former order of sale, and grant him an order to sell the land in controversy at the late residence of his intestate, which was upon the premises. Upon this last petition the former order was, by decree, revoked, and an order made to sell the plantation (which is the subject of controversy in this suit) in general terms without specifying the place of sale.

On the first Tuesday in February, 1843, the administrator executed said order of sale upon the premises, when the plantation was sold to S. M. Swenson and R. & D. G. Mills, on a credit of twelve months for the sum of $6,600, which was the

highest and best bid ; it being recited in the deed that the land was first appraised. It was also in evidence that the land brought its full value. It also appeared in evidence that the title is vested in the intestate of defendants by regular chain of transfer from Swenson and R. & D. G. Mills.

It also appeared that plaintiff was a minor at the time the sale was made, in 1843, and did not arrive at majority until 28th September, 1850.

The Court charged the jury " that the sale made by H. M. Thompson, administrator of Jesse Thompson, deceased, of the land in controversy on the first Tuesday of February, 1843, was a legal sale and passed a good and valid title to the purchaser at said sale, so far as the interest of the estate of Jesse Thompson, deceased, in the land was concerned, and therefore the plaintiff cannot recover in this suit."

There was a verdict and judgment for the defendant. The plaintiffs assign the following errors :

1st. The Court erred in its charge.

2nd. The Court erred in refusing a new trial.


*W. D. Mitchell*, for plaintiff in error. When the sale was made the Statute required it to be made at the Court House door, (Hart. Dig. Art. 1055) unless an order of the Court be had to sell at some other place, (Hart. Dig. Art. 1057) upon twelve months credit or for cash, as the Court shall deem most advisable, with a provision for appraisement in all cases. (Arts. 1058 and 1059.)

Admitting that the failure to specify the terms of sale in the order is to be regarded as a mere irregularity, not to be reached in a collateral proceeding, and that the order of sale is in itself good still, it would seem to me that a disregard in its execution of one of the plain requisites of the law would be fatal to the sale. In this case there was no appraisement prior to the sale, nor was that defect, if it could be so cured,

atoned for by a subsequent confirmation of the Court. If, however, the law indulgently presumes in favor of the sale, and thus dispenses with the necessity of proof in this behalf, a positive infraction of the Statute in a vital particular will not, I apprehend, be treated with the same lenity. The sales having been made on the premises without an order of Court to that effect, must preclude the purchaser from acquiring title. This Court has so decided in the case of Peters v. Caton, (6 Tex. R. 554.) In laying down the rate it is true that some exceptions are referred to, but they do not embrace this case. The proceeding was *ex parte*. The sale has never been reported to, and confirmed by the Court, nor is the plaintiff estopped from asserting her title by having received a portion of the proceeds of the sale, as the statement of facts shows that she never has received anything from her father's estate. An inspection of the record will show that no authority to sell at any other place than the Court House door can be presumed, as in the case of Neill v. Keese, (5 Tex. R.,) by considering the petition and order of sale in connection, as the petition asks for an order to sell on the premises, had the order been for a sale in conformity with the prayer of the petition, the case would be like that of Neill v. Keese, but the order does not, in this particular, respond to the prayer of the petition ; on the other hand, it negatives any such presumption by expressly declaring that it shall be made according to law and not in accordance with the petition.

The Statute of 1841 is pleaded as a limitation, the 11th Section of which (Hart. Dig. Art. 2387) gives the same time after the removal of disabilities that is allowed to others by this and other laws of limitation now in force, so that even if the Statute of 1836 had been pleaded, it is so modified by the Section above referred to, as to make the time the same after the removal of disability.

But as that Statute contemplates color of title it could have no application, supposing the title to have been invalid.

*C. W. Buckley*, for defendants in error. I. There was no error in the charge of the Court. The charge was predicated upon the petition of 16th January, 1843, for a sale, and the order thereupon, as well as the administrator's deed, all of which it was the duty of the Court to construe, and instruct the jury as to their legal effect. This was done by the Judge and the construction given is fully sustained by the Supreme Court in Neill v. Keese, (5 Tex. R. 23.) In that case, as in this, the petition prayed for an order to sell at a place, other than the Court House door, and in both cases the order of sale is general without specifying the place where the sale is to be made. The Court very properly took the petition in connection with the order of sale, and held, that so taken, it was an order to sell at the place indicated in the petition. Such was the case here and there was no error in the charge.

The failure of the administrator to make a report of the sale to the Probate Court, (if such was the fact,) and obtain an order of confirmation thereof cannot affect the title of defendants, because they had no power over the conduct of the administrator ; and, furthermore, the law in force in 1843, did not require sales made by administrators and executors to be confirmed by the Probate Court at all ; much less did it make the title of the purchaser at such sale depend upon such confirmation. It was not until 1848 that the law required sales of this kind to be confirmed, and an order of the Court to that effect to enable the administor to execute a deed to the purchaser before the title vested. Prior to 1848, the purchase and compliance with the terms of sale by the purchaser vested in him a complete, legal right to the property sold, whether the administrator performed or failed to perform his duty afterwards or not. Therefore the plaintiff in error can gain nothing by reason of the failure of the administrator to return the sale and obtain an order of confirmation.

II. There was no error in overruling the motion for a new trial.

Jemison v. Gaston.

The evidence fully sustained the finding of the jury, and the charge of the Court is sustained by law.

For these reasons appellees ask a confirmation of the judgment of the Court below.

WHEELER, J. It does not appear that there was no appraisement of the land in question prior to the sale. The deed recites the contrary, that there was such appraisement; and that is *prima facie* evidence of the fact. It was not necessary that it should appear by the records of the Probate Court; nor was it incumbent on the defendant to prove it. The Court had authority to order the sale elsewhere than at the Court House, (Hart. Dig. Art. 1057,) and the question is, whether the order conferred the authority in this instance? We are of opinion that it did. The order was made "upon the petition of the administrator," for authority to sell "at the late residence" of the deceased. The order must be considered in reference to the petition; it must be understood as granting the prayer of the petition. Disconnected from the petition, it would not confer the authority. (6 Tex. R. 554.) But it cannot be so considered. It was in answer to the petition, and must be so read and understood. When read in that connection, it must be understood as an order to sell at the residence of the deceased. The same point was ruled in the case of Neill v. Keese, upon a case not materially different from the present. (5 Tex. R. 23, 31.) That case is decisive of the present. The judgment is affirmed.

Judgment affirmed.