## M. E. Cox ET AL. v. A. B. Cox.

### No. 6697.

**Proceedings Setting Aside to Widow Exempt Property.** — Application was made by a widow to the Probate Court to have a homestead of 115 acres and other exempt property set apart to her. She contracted with attorneys, giving half that should be recovered for their fee. Pending the application the widow and the executor settled, she receipting in full of all claims. The lawyers intervened, setting up claim to one-half the exempt property. The widow by amendment pleaded that her release to the executor had been obtained by fraud. The executor excepted to the intervention of the lawyers, set up the settlement, denied that the land was the homestead of the deceased husband of the widow, denying fraud, etc. On trial the court sustained the settlement against the widow, and sustained exceptions to the intervention by the lawyers. *Held:*

1. The intervention sought to litigate title to land, and was not within the jurisdiction of the Probate Court.

2. Upon the issue of settlement and alleged fraud the judgment below is conclusive, there being nothing in the record to show that the facts did not warrant the judgment.

APPEAL from Fannin. Tried below before Hon. D. H. Scott.
The opinion contains a statement.

*Wm. A. Bramlette* and *Richard B. Semple*, for appellants.—1. Where a widow employs an attorney at law to procure for her the setting apart to

her by the County Court of the property secured to her by the Constitution and laws of Texas from the estate of the deceased husband, and conveys to said attorney one-half of the property so to be set apart, she can not settle with the executor and deprive said attorney of his interest in said property after having filed the proper proceedings in her name in the proper court; and said attorney has a right to intervene in said suit to protect this said right. Field v. Gantier, 8 Texas, 77; Graves v. Hall, 27 Texas, 148; McLane v. Paschal, 62 Texas, 102; Rasquin v. Stage Co., 21 How. Pr., 293; McKenzie v. Rhodes, 13 Abb. Pr., 337.

2. Where a widow sues to have set apart to her the property secured to her as the surviving head of a family, and during the suit sells an interest in said property to another party and settles with the executor for her other part, such last settlement does not prevent her recovering for the first vendee the one-half not conveyed to the executor.

*Taylor & Galloway*, for appellee. — 1. To entitle a party to intervene he must show an interest in the subject matter adversely to the party complained against in his petition. Robb v. Smith, 40 Texas, 89.

2. When a widow sues to have set apart to her the property secured to her as the surviving head of a family, and during the suit settles the matters involved in said application with the executor, such settlement will prevent her or her attorneys from recovering said property or any part again from said executor.

ACKER, PRESIDING JUDGE.—W. A. Bramlette and Richard Semple, as attorneys for Mrs. M. E. Cox, widow of C. L. Cox, filed an application in the Probate Court to have set apart to the widow as her homestead 115 acres of land owned by her deceased husband and the exempt property belonging to the estate, and for an allowance in lieu of such articles of exempt property as were not owned by her deceased husband. Mrs. Cox transferred to her attorneys as compensation for their services one-half of whatever they might succeed in having set apart to her.

A. B. Cox, the executor of the deceased husband's will, answered denying that the 115 acres of land was the homestead of deceased, and alleging that the widow had all the other exempt property, and that he had made a full settlement with her and taken her receipt in full since her application was filed.

The attorneys intervened and set up their contract with the widow, alleged that the executor induced her to make the settlement by false statements, and prayed the court to set apart to Mrs. Cox, "in spite of said receipt, the property she was entitled to under the law, or if that could not be done, then one-half thereof for the benefit of intervenors."

Mrs. M. E. Cox by supplemental petition alleged that the settlement with the executor was obtained by fraud and oppression, was for only her

portion of the property, and was not for the half interest which she had transferred to her attorneys.

The executor A. B. Cox answered the plea in intervention by general exception, and by special exceptions denied the jurisdiction of the court upon the following grounds:

"Because intervenors seek to recover real estate and try title to same.

"Because intervenors seek to recover against said estate for a breach of contract on the part of M. E. Cox, the applicant."

The defendant further answered by general denial to both the plaintiff's supplemental petition and the plea in intervention, and specially answered that he knew nothing of the existence of any contract between Mrs. Cox and intervenors at the time of his settlement with her.

The demurrers to the plea in intervention were sustained, and the trial resulted in a judgment sustaining the settlement made by the executor with the widow, from which the plaintiff and intervenors appealed to the District Court, where judgment was rendered sustaining the exceptions and that the plaintiff M. E. Cox take nothing by her suit, from which the plaintiff and intervenors prosecute this appeal.

The plea in intervention was, in effect, a suit against the estate to recover an interest in both land and personal property. That the Probate Court has no jurisdiction of such a suit is too plain for argument.

Whether the settlement made by the executor with the widow was fair and her receipt in full of all demands against the estate obtained without fraud or misrepresentation was a question of fact for the trial court, and we think the evidence shows the correctness of the conclusion reached upon that question.

We think the judgment of the court below is correct and should be affirmed.

*Affirmed.*

Adopted June 10, 1890.