# APRIL, 1910.

FIDELITY & DEPOSIT COMPANY OF MARYLAND V. S. WISEMAN ET AL.

No. 1972.   Decided April 6, 1910.

**1.—Community—Administration by Survivor—Bond—Property of Deceased.**

Where one administering the community estate as survivor under bond obtains, as belonging to the community, property or its proceeds as to which the decedent stood charged as trustee for one from whom it had been obtained by fraud and who is seeking to establish such trust, a general creditor of the community can not recover upon the bond of the community survivor by reason of the latter having converted or distributed such property or proceeds among the heirs without satisfying his judgment debt.   (P. 291).

**2.—Same—Case Stated.**

Deceased, while president of an insurance company procured the issuance of its stock upon exchange therefor of forged city bonds, to an apparently fictitious person, and a forged transfer of the stock from such person to himself; his widow, having given bond to administer the community estate as survivor, in good faith, procured the issuance of new stock to herself and sold same, distributing half the proceeds to the heirs.   Held, that a creditor of deceased, having a judgment against him on a community debt, could not obtain judgment thereon against the sureties on the bond of the survivor by reason of her possession or distribution to heirs of the proceeds of such stock while the insurance company was asserting a claim to the same proceeds as obtained from it by fraud of deceased.   (Pp. 289–292).

ON REHEARING.

**3.—Same—Remanding or Rendering.**

Where judgment upon the bond of a community survivor in favor of a creditor having a judgment for a community debt is reversed because the only funds received by the survivor out of which liability could arise were liable to a claim in favor of one from whom they had been obtained by fraud, which was superior to that of such general creditor of the community, the appellate court will not render judgment, but will remand, where the record fails to show whether the party suing by reason of the fraud is claiming a preference right to the fund by reason thereof, or merely asserting the rights of a general creditor.   (P. 292).

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Harris County.

The suit was brought by Wiseman against Mrs. Swain and the Fidelity & Deposit Company.   Judgment was for plaintiff against Mrs. Swain, but in favor of the Fidelity & Deposit Company.   On Wiseman's appeal the judgment was reversed and rendered in his favor against the Fidelity & Deposit Company, also.   The company thereupon obtained writ of error.

*Andrews, Ball & Streetman,* for plaintiff in error.—The Court of Civil Appeals, in its original opinion, bases its conclusion upon the line of authorities which follows the case of DeValengin's Admr. v. Duffey (39 U. S., 282), announcing the following doctrine: "That

whatever property or money is lawfully recovered or received by the executor or administrator, after the death of his testator or intestate, in virtue of his representative character, he holds as assets of the estate; and he is liable therefor, in such representative character, to the party who has good title thereto." Our answer to this is upon several grounds: (1) That the doctrine announced has never been approved by this court, and although announced by the United States Supreme Court, and followed by certain State courts, is incorrect in principle, is contrary to the weight of authority, and imposes an obligation not within the scope of the obligation assumed by a surety on an administrator's bond. (2) That if applicable to a suit upon a general administrator's bond, it can have no application to a suit upon the bond of a survivor in community, in view of the peculiar character of the trust devolved upon such survivor, particularly when the wife survives. (3) That if applicable to either an ordinary administrator, or to a wife qualified as survivor of the community estate, it has no application to a general creditor of the estate, so as to enable such creditor to enforce payment out of property not in fact belonging to the estate, but has always been applied only to the extent of giving relief to the very person whose property has found its way, by lawful means, into the possession of the administrator.

We do not deem it proper to lengthen this petition by an elaborate argument in support of these propositions. In support of the first of them we cite the following cases, in which the question has been discussed, and in which it is held, as we believe correctly, that the sureties upon an administrator's bond are only liable for that which in fact belonged to the estate. Cronan v. Cotting, 99 Mass., 334; Winston v. Young, 53 N. W., 1015 (Minn.); Sterrett v. Barker, 51 Pac., 695 (Cal.); Herd v. Herd, 71 Iowa, 497; Daily's Admr. v. Daily, 66 Ala., 268; Smith v. Jeffreys, 16 So., 377 (Miss.); Parker v. Barlow, 93 Ga., 700; Rodman v. Rodman, 54 Ind., 444; Van Slooten v. Dodge, 145 N. Y., 329; Hailey v. Wheeler, 49 N. C., 159; Schlicker v. Hemenway, 110 Cal., 581; Mobley v. Runnel's Admr., 14 N. C., 343; Pace v. Pace, 19 Fla., 438; Ordinary v. Lippincott, 10 N. J. L., 35; Reeves v. Steele, 2 Head. (Tenn.), 647; Hinds v. Hinds, 85 Ind., 315; McLean v. McLean, 88 N. C., 395; Orrick, Admr., v. Vahey, 49 Mo., 431; Shields v. Smith, 71 Ky., 601; Johnson v. Hall, 29 S. E. Rep., 39 (Ga.); People v. Petrie, 61 N. E. Rep., 499 (Ill.); Campbell v. Sacray, 44 S. W. Rep., 980 (Ky.); First Nat'l Bank v. Hummel, 14 Colo., 259.

In the case of a survivor of the community estate, the only obligation assumed is to "faithfully administer the community estate, and to pay over one-half the surplus thereof, after the payment of the debts with which the whole of such property is chargeable to such person or persons as shall be entitled to receive the same." The literal language, therefore, of the bond creates no obligation with respect to any property which does not in fact constitute a part of the community estate. The bond does not, like other bonds, secure the performance of a set of duties, for the neglect or improper performance of which the principal and surety might possibly be held

responsible, even to outside persons, whose rights might be thereby affected, but it simply secures the performance of a trust with reference to particular property, to wit, the property which belongs to the community estate. Huppman v. Schmidt, 65 Texas, 583; Leatherwood v. Arnold, 66 Texas, 414.

Upon the third proposition, we only deem it necessary to state that if the authority followed by the Court of Civil Appeals is followed by this court, and is held to apply to a suit upon a survivor's community bond, neither that case nor any other case of similar character will authorize a recovery by a general creditor of an estate out of property not in fact belonging to the estate. 2 Woerner, Am. Law of Administration, secs. 305, 312; United States v. Cutts, 25 Fed. Cases, 745; Austin's case, 24 Fed. Cases, 170.

A simple creditor of the community estate has no right to payment out of anything except that which was community property at the time of the husband's death. He occupies no better position than the heir at law. His claim is prior, but his title is the same as that of the legal heirs. If there is community property existing at the death of the decedent, he is entitled to be paid out of that. If there is no such property, he is not entitled to payment, although after the death of the husband, the surviving wife may have acquired property which did not in fact belong to the community estate.

The bond of the survivor obligates her only to pay the debts out of the community estate. If there is in fact no community estate, there is no obligation on the bond.

*I. M. Standifer,* and *Baker, Botts, Parker & Garwood,* for defendant in error.—The survivor, Mary F. Swain, having received the stock of the insurance company in her representative capacity and by virtue of her qualification and the execution of the bond with the defendant Fidelity & Deposit Company of Maryland as surety, and having sold this stock in the same capacity and received money therefor, the proceeds so received came into her hands by color of her office as administratrix of the community estate. Therefore, she and her surety are bound to creditors of the estate to the extent of the money so received, and can not be heard to deny that she received this money in her representative capacity. Frenkel v. Caddou, 40 S. W., 638; Fidelity & Deposit Co. of Md. v. Texas Land & Mortgage Co., 14 Texas Ct. Rep., 183; Arizona v. Cook, 17 Pac., 10; Simpson v. Snyder, 54 Ia., 557; Crowder v. Shackelford, 35 Miss., 321; Lafferty v. Young, 34 S. E., 445; Conger v. Atwood, 28 Ohio State, 143; Jennings v. Copeland, 90 N. C., 578; Clark v. Fredenburg, 43 Mich., 265; De Valengin v. Duffy, 14 Peters, 282; Phillips v. Rogers, 53 Mass., 407; White v. Swain, 20 Mass., 365; Anderson v. Northrop, 30 Fla., 612; 11 Am. & Eng. Enc. of Law, 829.

Mary F. Swain, as survivor, having taken the stock acquired by W. J. Swain's fraud in her representative capacity, and having acquired both the stock and the proceeds in such capacity, and having administered the estate by virtue of her appointment as survivor and executed the bond, with the Fidelity & Deposit Company of Maryland as surety, both she and her surety are estopped from denying

that she received this property in this capacity, or acquired the proceeds thereof in this capacity, and from denying liability to the plaintiff herein as a creditor of the estate to the extent of the moneys coming into her hand as such survivor. Evans v. Keeland, 9 Ala., 47; Van Kirk v. Adler, 111 Ala., 111; Dillingham v. Jenkins, 7 S. & M. Miss., 486; Brockway v. Petted, 79 Mich., 627; Polk v. Peterson, 93 S. W., 504; Dix v. Morris, 66 Mo., 518; Siples Case, 27 N. J. Law, 4110; 1 Brandt on Suretyship, secs. 52, 53; McMillan v. Hickman, 14 S. E., 230; Thompson v. Rush, 92 N. W., 1060; Bigelow on Estoppel, 321; Gray v. State, 78 Ind., 68; Bassett v. Crafts, 129 Mass., 513; Williamson v. Woodman, 73 Me., 166; Cutler v. Dickinson, 8 Pick., 387.

If W. J. Swain were living at the time this suit was brought, and had received the proceeds of this stock, as his surviving wife did in the sale of the stock in 1905, he could not be heard to interpose the defense that the stock or its proceeds were fraudulently acquired, and hence its proceeds exempt from payment of Wiseman's debt. It would be against public policy as well as well recognized rules of law and equity to allow either W. J. Swain or his surviving wife to interpose this defense and at the same time retain the proceeds of the stock, and both she and her surety are therefore precluded from denying liability upon the ground that it was fraudulently acquired by W. J. Swain, or that it was the proceeds of the fraudulent and wrongful acts of W. J. Swain. 1 Woerner on Administration, 621, sec. 296; Burges v. Insurance Company, 53 S. W., 604; Hart v. Rust, 46 Texas, 573; Wilson v. Demander, 71 Texas, 605; Keck v. Allender, 26 S. E., 436; Thompson v. Rush, 92 N. W., 1062; 27 Am. & Eng. Enc. of Law, 447, 466, 467.

Under our statutes, any creditor of the community has the right to prosecute his suit to judgment, if its payment is declined, independent of the other creditors. The survivor in community is not required to pay claims of the same class pro rata.

The Fidelity & Deposit Company of Maryland in its answer, upon which this case was tried, did not plead the pendency of any other suit, and especially did not plead the pendency of the suit by the Houston Fire & Marine Insurance Company referred to in this assignment of error.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

This suit was brought by S. Wiseman against Mary F. Swain and the Fidelity & Deposit Company of Maryland. The object of the suit was to recover upon a judgment rendered against W. J. Swain, in his lifetime, for $4477.13, in the District Court of Collin County, against Mrs. Swain as survivor of the community estate of herself and her deceased husband, W. J. Swain, and against her codefendant as surety upon her bond given under the statute for the administration of that estate.

The facts as developed by the testimony upon the trial were as follows: William J. Swain inaugurated the enterprise of establishing

and promoting the Houston Fire & Marine Insurance Company and became president of the company. The charter was obtained and a very small portion of the stock was subscribed for. Thereupon Swain repaired to New York and, upon his return, reported that he had sold to John C. Preston 1080 shares of stock in the company and had received therefor bonds of the city of Austin of the par value of $135,000. These purported bonds were brought back to Houston and turned over to the insurance company. Mrs. Swain, upon the death of her husband, applied to the County Court of Harris County for the right to administer the community estate of herself and her deceased husband, and her codefendant, the Fidelity & Deposit Company of Maryland, signed her bond as such survivor. The inventory returned by her showed as the property of the estate, as follows:

| | |
|---|---:|
| Cash in bank ..........................................$ | 426.00 |
| 10½ shares stock H. F. & M. I. Co..................... | 1,312.50 |
| 30 shares stock H. F. & M. I. Co..................... | 3,750.00 |
| 8 shares stock H. F. & M. I. Co., 20 percent paid..... | 200.00 |
| 1080 shares stock H. F. & M. I. Co. (transferred to him by J. C. Preston) ........................... | 135,000.00 |

The property was appraised by appraisers appointed by the court at the sums respectively set opposite the property on the foregoing list. Whereupon Mrs. Swain gave bond for the administration of the estate in the sum of $145,000 (being the value of the community estate), with the Fidelity & Deposit Company of Maryland as her surety.

Upon the trial of the cause the bonds which were given for the stock were indisputably proved to be forgeries; and the evidence leaves the gravest doubt as to whether any such person as John C. Preston ever existed. But after the death of W. J. Swain there was found among his papers a purported transfer of the J. C. Preston stock, signed and acknowledged by the latter, to Swain. After her qualification to administer the community estate of herself and her deceased husband, Mrs. Swain demanded and received new stock in the company in lieu of the old 1080 shares purported to have been bought, of Preston, believing the shares to be genuine. She subsequently sold 1120 shares of the stock of the company for $75,000 and received the consideration except five thousand and some hundred dollars. She testified that when she received the money for the stock she distributed one-half of it to the heirs of the estate except one-sixth, which was payable to a minor heir, whose guardian did not receive the money.

When one has been defrauded of property, as in this case, he may sue for the property itself, or in case it has been sold to an innocent purchaser, he may recover the proceeds. Whether of the property or of its proceds, the holder is considered a constructive trustee. Hence the beneficiary, that is, the party defrauded is entitled to the fund; and no one else until he is satisfied is entitled to any part of it. In this case W. J. Swain as president of the insurance company either willingly or by culpable negligence by which the forged

bonds were ostensibly received for the benefit of the company made the transaction, but whether willingly or unintentionally he would be in either case responsible to make good the default. Mrs. Swain as survivor of the community estate having before the discovery of the fraud received new shares of the company and having sold them for cash the purchaser took a good title to the shares and only the amount received by her for them remains subject to make good to the insurance company what it lost in the transaction.

We have failed to find any sufficient answer to the question, how is the defrauded party to be satisfied if the fund, as in this case, obviously not enough for the purpose, is payable upon the general debts of the party committing the fraud? It seems to us that to permit this is to allow a fund which belongs to one person to be appropriated to the payment of the debts of another.

The authorities on this question are not uniform. Some hold that because the executor or administrator has secured the money and has treated it as funds belonging to the estate he is estopped to deny the capacity in which he held it; and this will do where there is no other person who has a better claim to the fund. Such is the case of Portis v. Cummings, 21 Texas, 266, where the parties having recovered a sum of money belonging to their ward were not permitted to deny as between themselves and the ward that they had so received it. On the other hand in the case of the American Sugar Refining Co. v. Fancher, 145 N. Y., 552, a vendor of personal property sold to the vendee upon false representations as to the solvency of the firm—the vendees having sold a part of the goods in due course of trade, and having assigned the remainder in an assignment for the benefit of creditors, it was held that the defrauded vendor had the right to recover of the assignee the proceeds of the sale of the goods assigned. Let us suppose then for the sake of argument, that the vendees instead of assigning for the benefit of creditors, had died, could their administrators claim these goods or their proceeds for distribution among their general creditors? We think not. In McPike v. McPike, 111 Mo., 216, the administrator in Missouri collected rent upon a mill in Alton, Illinois, and also sold the mill, the court held that since the law of Illinois was not proved, it would be presumed that the common law was in force there and that under that law the administrator had nothing to do with real estate, and decided that he was not chargeable as administrator with the rents or the proceeds of the mill.

It appears from the statement of facts that the defendants the Fidelity Company offered to prove that the Houston Fire & Marine Insurance Company had filed a suit against Mary F. Swain and the surety upon her bond upon the theory that John C. Preston was a mythical person, and that Swain by using his name in subscribing for the stock bound himself, and that the insurance company now sues her and the surety upon her bond for the entire proceeds of the sale of the stock. The court received the evidence announcing that he would admit it provided counsel should show any authority for its admission, but no bill of exception was filed either for its acceptance or rejection. From all this we can see that the insurance

company had a suit against Mrs. Swain and the surety on her bond for the entire proceeds of the sale of the stock.

Accordingly the judgment of the Court of Civil Appeals is reversed and the judgment of the District Court affirmed.

### ON MOTION FOR REHEARING.

Upon consideration of the motion for a rehearing in this case, we are convinced that we erred in rendering the judgment. We know from the record that the transcript of the suit of the Insurance Co. v. Mary F. Swain was offered in evidence, but what it contained we do not know. It occurred to us in disposing of the case, that the suit must have been to recover of Mrs. Swain as survivor of the community for the shares of stock, which Swain has used and appropriated, when they had not been paid for; and this would have taken the entire fund as compensation. But it now appears that the suit may have been for stock subscribed for and for which no payment had been made and that the suit was that of a simple creditor for a debt created by Swain. Therefore we think the judgment of the Court of Civil Appeals should be reversed and the cause remanded; and it is accordingly so ordered.