**LANEY et al. v. CLINE et al.**

No. 5277.

Court of Civil Appeals of Texas. Amarillo.

March 17, 1941.

Sidney P. Chandler, of Corpus Christi, for appellants.

Brannan & Tipps, of Wichita Falls, for appellees.

JACKSON, Chief Justice.

This is a suit in trespass to try title instituted in the District Court of Briscoe County by Mrs. Lillie Laney and husband, E. A. Laney, Mrs. Sallie Moody and husband, Frank Moody, Mrs. Frances Braly and husband, H. R. Braly, and Drew Cozby against the defendants, Mrs. Ruth B. Cline, a widow, Charles Howard Cline, a minor, Sarah J. Cline, a femme sole, and the Federal Land Bank of Houston, Texas, to recover title and possession to the West

Half of Section 18, Block A, Certificate 69, situated in Briscoe County, Texas, and containing 320 acres of land, more or less. The defendants, including the minor, Charles Howard Cline, who appeared by his legally appointed guardian and mother, Mrs. Ruth B. Cline, answered by a plea of not guilty, the three and five year statutes of limitation, articles 5507 and 5509, Vernon's Annotated Civil Statutes, and by way of cross-action pleaded a suit in trespass to try title against the plaintiffs.

In reply to the cross-action filed by the defendants the plaintiffs urged a plea of not guilty.

The case was tried before the court without the intervention of a jury and judgment rendered that plaintiffs take nothing by their suit, be divested of all title and interest in the land, and that the defendants have and recover title and possession of the West Half of Section 18, Block A, Certificate No. 69, situated in Briscoe County, Texas, subject to the lien of the Federal Land Bank of Houston given to secure the payment of its indebtedness against the land, from which judgment the plaintiffs appealed.

The appellants and appellees agreed that E. J. Newell and wife, Fannie T. Newell, had good title to the half section of land involved prior to May 22, 1906, and that the Newells were the common source of the title.

The record shows that J. L. Cozby and Agnes Cozby were husband and wife and that on May 22, 1906, E. J. Newell and wife conveyed to J. L. Cozby the West Half of Section 18, Block A, situated in Briscoe County, Texas. Mr. J. L. Cozby died on February 1, 1923, and Mrs. Agnes Cozby died in 1935. There were born to them Mrs. Lillie Cozby Laney, Mrs. Sallie Cozby Moody, Mrs. Frances Cozby Braly, who, together with their respective husbands and their brother, Drew Cozby, are the plaintiffs in the court below and the appellants in this court. In addition to the above-named plaintiffs there was one daughter, Jennie, who married John White, and Omer Truett Vinson, a grandson, all of whom still survive but none of whom are parties to this suit.

On August 29, 1922 J. L. Cozby and wife, Agnes Cozby, made a joint or mutual will in which after the formal parts they say: "We do by these presents make this our last will and testament revoking all other

wills that we have made and for the purpose of securing a competency to live on in our old age, having agreed that after the death of either one of us that the survivor shall inherit all our Estate, both real, personal and mixed of every kind. To have and to hold the same, to take possession of and use and dispose of the same as the survivor may think best."

After other provisions which are not material to this appeal the will contains the following: "After the death of the survivor the estate is to be equally divided between our children after our debts are all paid, and that the courts have nothing more to do with our estate but to probate this our will."

On May 23, 1923, the will was admitted to probate in Briscoe County; appraisers were appointed, an inventory of the property returned and approved. Mrs. Agnes Cozby was appointed executrix, gave bond and took the oath of office but never thereafter made any report or obtained any orders from the probate court in the control and management of the estate.

On March 16, 1927, Mrs. Agnes Cozby, a widow, instituted suit, No. 532, in the District Court of Briscoe County against all the children of herself and her deceased husband and the minor grandson, Omer Truett Vinson, to recover title to the West Half of Section 18, Block A. In the first count she pleaded trespass to try title. In the second she alleged the property was her separate estate and pleaded the facts on which she asserted that the property constituted her separate estate. In the third count she alleged that J. L. Cozby made a will; that therein he attempted to leave his entire property to her and while the language in the will was ambiguous, indefinite and uncertain, the proper and reasonable interpretation thereof is that he did leave to her his entire interest in the property as her separate estate. She prayed that she recover title to the West Half of Section 18, and other property not necessary to mention, in her own right or in the alternative that the will be construed to vest in her as her separate estate the title to the property here involved.

On October 27, 1927, the district court rendered judgment in Cause No. 532 and, after making proper provisions for the minor, reciting that Mrs. Agnes Cozby came in person and by her attorney, says that "it appearing to the court that the defendants, Mrs. Sallie Moody, and her husband, Frank Moody, Jr., Mrs. Jennie White, and her husband, J. H. White; Mrs. Frances Braly, and her husband, H. R. Braly, Mrs. Lillie Laney, and her husband, E. A. Laney; Drew Cozby, and Omer Truett Vinson, a minor, had all had due notice and were in court for the trial of this case in compliance with the terms of the law;" that the court is of the opinion, after hearing the evidence, that said West Half of Section 18 is the separate property of Mrs. Agnes Cozby and that the joint will of J. L. Cozby, deceased, and his wife, Agnes, vested the fee-simple title to said property in the survivor, and adjudged and decreed that Mrs. Cozby have and recover the title to said West Half of Section 18 in fee simple to manage, control and dispose of in any manner as to her may seem best.

The appellants, as stated by them, for the sole and only purpose of showing common source of title, offered in evidence two deeds of trust given by Mrs. Cozby for the purpose of securing the payment of a loan in the principal sum of $3,900 she had obtained from the Federal Land Bank of Houston each dated May 21, 1929, and together covering the entire half section of land. They also offered for the same limited purpose a deed from Mrs. Agnes Cozby, a widow, conveying the half section to C. S. Cline, subject to the payment of the indebtedness to the Federal Land Bank in Houston, together with other considerations unnecessary to mention.

C. S. Cline died intestate on December 8, 1935, leaving surviving him his widow, Ruth B. Cline and two children, Sarah Jane Cline and Charles Howard Cline, who are the appellees in this case.

The appellants by proper assignment assert that the judgment rendered in the district court in Cause No. 532, Mrs. Agnes Cozby vs. Mrs. Sallie Moody et al., is void because the district court had no jurisdiction over the subject matter since at that time the estate of J. L. Cozby, deceased, was pending in, and being administered in the probate court of Briscoe County, which had exclusive jurisdiction thereof. J. L. Cozby and his wife, Agnes Cozby, had made a joint will providing that the survivor have their entire estate, real, personal and mixed; that such survivor take possession, use and dispose of the property as he or she thought best and "that the courts have nothing more to do with our estate but to probate this our will".

Appellants' contention that the estate was being administered through the probate court by Mrs. Agnes Cozby as administratrix we do not concede.

■ Article 3436, Vernon's Annotated Civil Statutes, provides: "Any person capable of making a will may so provide in his will that no other action shall be had in the county court in relation to the settlement of his estate than the probating and recording of his will, and the return of an inventory, appraisement and lists of claims of his estate."

Under this statute all that is required to create an independent administration is for the testator to nominate some one as such executor and provide that the probate court take no action in the estate other than that required by law. 13 Tex.Jur. 765, para. 189.

In Holmes et al. v. Johns et al., 56 Tex. 41, the court holds that where the testator provides that the probate court shall take no action other than probate the will, grant the letters testamentary and receive the inventory that when the executors qualify and file the inventory the probate court is without jurisdiction over them so long as they faithfully discharge the trust.

See, also, Wimberly et al. v. Bailey et al., 58 Tex. 222; Stephens v. Dennis et al., Tex.Civ.App., 72 S.W.2d 630.

■ The fact that the testators in the joint will designate each other as survivor rather than executor or executrix would not exclude the intention of an administration by an independent executor. Yeager v. Bradley, Tex.Civ.App., 246 S.W. 688, writ refused 114 Tex. 581, 278 S.W. 1115.

Under the provisions of the will and the authorities we are inclined to the view that Mrs. Cozby was an independent executrix and so long as she faithfully discharged the duties as such, the probate court was without authority to exercise jurisdiction over the estate.

■ We pretermit, however, a decision on this question since the petition of Mrs. Agnes Cozby in Cause No. 532 set up trespass to try title; that she owned all the property in her own separate right and that in any event the will was ambiguous, uncertain and indefinite, and asked the district court to interpret the instrument.

That the district court had jurisdiction under the allegations of the petition in Cause No. 532 we think is settled by the Supreme Court in Griggs et al. v. Brewster et ux., 122 Tex. 588, 62 S.W.2d 980, 985, in which the lamented Chief Justice Cureton said:

"It has long been the established rule in this state that when questions of title are involved, where the case brings in question the construction of a will, as was done in that case, the district court is a proper tribunal in which to adjudicate such questions. Little v. Birdwell, 21 Tex. 597, 73 Am.Dec. 242; Key v. Key (Tex.Civ. App.) 167 S.W. 173 (writ denied). Likewise, the rule has been announced that the district court has jurisdiction of a suit brought against an independent executor for the recovery of property, both real and personal, alleged to belong to an estate and withheld from the assets of the estate under the claim that it belonged to him, and determine in whom the equitable title to such property was, and to decree a partition thereof, as well as the other property of the estate, among those entitled thereto. Japhet v. Pullen, 63 Tex.Civ.App. 157, 133 S.W. 441 (writ denied); Cox v. Cox, 77 Tex. 587, 14 S.W. 201; Bente v. Sullivan, 52 Tex.Civ.App. 454, 115 S.W. 350, 354 (writ denied); Wiseman v. Swain (Tex. Civ.App.) 114 S.W. 145, 148; Fidelity & Deposit Co. of Maryland v. Wiseman, 103 Tex. 286, 124 S.W. 621, 126 S.W. 1109; Wadsworth v. Chick, 55 Tex. 241.

"The provisions of the Constitution confer upon the district court equity jurisdiction in as broad terms as is conferred probate jurisdiction on the county court. When it appears by the pleadings and the proof that the suit involves controversies and issues between the parties for which the probate jurisdiction of the county court is inadequate to grant the relief sought, then the district court has jurisdiction, and may grant the necessary relief. Gregory v. Ward, 118 Tex. 526, 18 S.W.2d 1049; Lauraine v. Ashe, 109 Tex. 69, 191 S.W. 563, 196 S.W. 501. The district court, having properly assumed jurisdiction to construe the will of Mrs. Potts and adjudicate the issues raised by the pleadings and the evidence, had the power to appoint a receiver for the preservation of the property involved. This power was inherent in the court, and was incident to the exercise of its jurisdiction until the case was finally determined."

■ The appellant also complains that the judgment of the district court in No.

532 was invalid since no service was had on Mrs. Lillie Laney, one of the defendants therein. The trial court recites in his judgment in No. 532 that "Mrs. Lillie Laney * * * had due notice" and was "in court for the trial of this cause in compliance with the terms of the law".

This suit is a collateral attack on said judgment and the law seems to be settled that a recitation of service in the judgment is conclusive and may not be contradicted by other facts whether appearing in or off the record.

In Switzer et ux. v. Smith, 300 S.W. 31, 33, 68 A.L.R. 377, it is held by the Supreme Court in an opinion by the Commission of Appeals that: "Since Treadway v. Eastburn, 57 Tex. 209, it has been the uniform holding of the courts in this state that, as against a collateral attack, the recitation of due service in the judgment proper is conclusive upon such matter, and may not be contradicted by other facts, whether appearing in the record or aliunde. Such recitation imports absolute verity. Martin v. Burns, 80 Tex. 676, 16 S.W. 1072; Gibbs v. Scales, 54 Tex.Civ.App. 96, 118 S.W. 188 (writ refused); Chapman v. Kellogg (Tex.Com.App.) 252 S.W. 151; Borders v. Highsmith (Tex.Civ.App.) 252 S.W. 270; Mariposa Mining Co. v. Waters (Tex. Civ.App.) 279 S.W. 576; Gillette's Estate v. State (Tex.Civ.App.) 286 S.W. 261; Barton v. Montex Corp. (Tex.Civ.App.) 295 S.W. 950."

In addition to the recitation in the judgment that Mrs. Lillie Laney had due notice and was in court the appellees introduced a waiver of service signed and acknowledged by her on March 25, 1927, before I. W. Brashear, notary public of Nolan County, Texas. They also introduced the court reporter's transcript of the testimony had in said cause and, among other things, contains this, in substance: Counsel for the plaintiff (who in that case was Mrs. Agnes Cozby) first introduced and had received in evidence, without objection, waiver duly executed by Mrs. Lillie Laney and acknowledged before I. W. Brashear, a notary public of Nolan County, Texas, waiving the issuance of citation, service and return thereof.

On this testimony the court in the trial of the instant case found that Mrs. Lillie Laney executed written waiver properly waiving the issuance of citation service and return in Cause No. 532.

The appellants offered to introduce testimony to controvert the genuineness of Mrs. Lillie Laney's signature to the waiver of service but upon objection to its admission by the attorney for appellees this evidence was excluded and no complaint is made in this appeal of the refusal of the court to admit the evidence.

The appellants also contend that the court erred in refusing to render judgment in their behalf since the record showed that they held the superior title inasmuch as appellees failed to introduce in evidence the deed of Mrs. Agnes Cozby conveying the land to C. S. Cline, the husband and father of appellees.

Mr. Chandler, the attorney for appellants, introduced the deed from Agnes Cozby, a widow, conveying title to C. S. Cline stating it was done for the sole and only purpose of showing common source of title. When Mr. Chandler closed his case in chief Mr. Tipps, the attorney for appellees, said in effect: We offer in evidence in substitution for the record which Mr. Chandler offered a few minutes ago, the original deed. Mr. Chandler objected to the deed as a muniment of title because Mrs. Cozby had qualified as administratrix of the estate and she could not pass title to the land by a deed as widow but would have to obtain an order of the probate court and no such order had been applied for or secured. It is obvious that Mr. Tipps referred to a deed theretofore introduced by Mr. Chandler. It is manifest from Mr. Chandler's objection that he referred to a deed executed by Mrs. Cozby, a widow, and there was but one deed in the record executed by Mrs. Cozby. After the objection was made and overruled the deed was offered in evidence. Mrs. Cline testified that her husband, C. S. Cline, received a deed to the land in controversy and the court found that the deed by Mrs. Cozby which conveyed the land to C. S. Cline on November 9, 1932, vested title in Cline. In our opinion this testimony is sufficient to identify the deed offered in evidence by appellees showing the title to the land had been conveyed by Mrs. Cozby to C. S. Cline.

Appellants in support of this contention cite the case of Bosse v. Cadwallader et al., 86 Tex. 336, 24 S.W. 798, and others, but these holdings have apparently been modified in Hovel v. Kaufman et al., Tex.Com. App., 280 S.W. 185, 188, where plaintiff, for the sole purpose of showing common

source of title, introduced in evidence certain deeds in the chain of title and invoked the rule that since they were not offered by the defendant they could not be considered to show title in defendant. After discussing the statute and Bosse v. Cadwallader, supra, the Commission of Appeals says: "The correct rule is that, whenever a plaintiff, in a suit in trespass to try title, undertakes to sustain his claim of title by proof of common source, he must show, in order to make a prima facie case for himself, not only that both he and the defendant claim title under a common source, but also must show that the title emanating from the common source which the plaintiff claims is superior to that claimed by defendant, and that plaintiff holds such title. The substance of this general rule has been repeatedly announced by the Supreme Court."

We have examined the other assignments of error urged and if what we have said does not dispose of them, they are, in our judgment untenable.

Appellees' motion to supplement the statement of facts is overruled.

Under the record we conclude that the testimony supports the findings of the trial court, that the judgment should be affirmed, and it is so ordered.