CUMBY MERCANTILE & LUMBER COMPANY v. W. F. LONG.

Decided January 19, 1911.

**1.—Continuance—Admitting Facts Sought to be Proved.**

Defendant applied for a continuance to obtain the testimony of an absent witness, the trial being then in progress. Plaintiff admitted the facts sought to be proved by him, and the application was overruled. The court instructed the jury that the facts so admitted were to be taken as absolutely true. Testimony on the same subject, introduced by plaintiff before the application to continue was made, is considered not materially in conflict with the admitted facts; but if so, the refusal of the continuance was not ground for reversal in view of the instruction given.

**2.—Negligence—Dangerous Premises—Charge.**

An abstract statement of the duty of defendant to keep his premises in reasonably safe condition for the use of persons invited thereon was not prejudicial, where the only issue presented was as to the dangerous condition of the particular place where he was injured, and an express invitation to enter thereon.

**3.—Requested Charges.**

No error appears from the refusal of requested charges on subjects fully and affirmatively covered by the instructions given.

#### 4.—Dangerous Premises—Invitation.

One injured by defendant's negligence in maintaining dangerous premises on which he was invited to go on business by defendant's agent, is not pre-cluded from recovery by an intention on his part to deceive or overreach defendant in the contemplated business.

#### 5.—Damages—Charge.

A charge authorizing recovery of damages for time lost by plaintiff's injury, but limiting same to the amount claimed therefor in his petition, does not warrant a recovery for more, though more was proved, nor indicate that in the opinion of the court plaintiff was entitled to recover the full sum alleged as such damages.

Appeal from the District Court of Hopkins County. Tried below before Hon. R. L. Porter.

The fifth assignment of error was upon the refusal of a charge denying plaintiff a recovery if, after being refused by an officer of defendant the lumber he sought to purchase, unless he arranged further security, he visited the premises in such officer's absence for the purpose of obtaining it from his employee, without such security.

The charge on recovery for time lost was complained of because: The same authorizes a recovery by plaintiff for his lost time from the date of the injury up to the time of the trial, covering a period of fourteen months, when plaintiff in his petition does not claim any damages for lost time, except the sum of $400 for the loss of one year's time, and the evidence in the case tends to show that he lost time continuously from the date of the accident to the time of the trial; and because the same improperly calls the attention of the jury to the specific amounts claimed by him in his petition and directs the jury not to allow him any sum in excess of said amounts, thereby indicating to the jury that in the opinion of the court he was entitled to the said sums, or to a sum approximating the same; and because the same does not direct the jury to allow plaintiff only such sum as would reasonably compensate him for the injuries sustained for which the defendant was liable under the pleadings and evidence if said sum was now paid in cash.

*Templeton, Craddock, Crosby & Dinsmore*, for appellant.

*C. E. Sheppard* and *T. L. Bird*, for appellee.

LEVY, ASSOCIATE JUSTICE.—Appellant was engaged in the general retail sale of lumber, and maintained a long two-story lumber shed, and had stalls in each story, in which it stored and displayed the graded lumber for sale. There was on the east and west sides of the shed a gallery running along its entire length, between four and six feet in width, which was floored with plank running lengthwise with the gallery and supported by stringers. The gallery on the west side, which is the one in suit, was about nine feet in height from the ground, and had no banisters, or other protection, upon its outer edge. The gallery was

constructed and used as a walkway to get to the lumber stored in the shed, and was reached by a stairway located on the north end. There is evidence that appellant's customers used the galleries in company with the appellant's clerk, before purchasing, to look at the lumber stored. At the time in question appellee went to the yard to buy a bill of lumber for a house that he was having built. He went to Benton, the clerk in charge there, and first had him figure out the difference between the cost of strips and of siding, which was done. Appellee then stated that he wanted to look at the siding, and Benton told him it was on the west side of the lumber shed, upstairs. According to the appellee's testimony, Benton then invited him to go up there and look at it, and "led the way." Benton does not deny that he invited him. He says: "I told him there were three grades of siding, he wanted me to tell him the difference in the siding and strips. After that he wanted to see it, and I told him it was on the west side upstairs. We went around on the north side to the walkway, we were talking as people generally do as we went up; I says, be careful, it's getting a little old up here, and we went on to pile No. 3 in with No. 2." After looking at the lumber the appellee, according to the proof offered by him, then told Benton that he wanted his carpenter, who was standing there in the yard, to pass his judgment on the lumber, and that Benton said, "Go get him and bring him up here," which was done at once. After deciding upon the lumber all the parties mentioned then started to go down, when a plank in the floor of the gallery broke under the foot of appellee, who, in extricating himself, was caused to fall from the gallery to the ground, breaking his thigh. There is no dispute in the evidence that the plank gave way and that appellee was thrown to the ground and injured. Benton, though, testified that after appellee looked at the lumber he expressed satisfaction, and that they then left the gallery together and went into the yard, and that he had walked half way to the office from the shed when he saw that appellee had returned to the gallery, and that it was on this return trip that the injury to appellee occurred. There is evidence going to show and support the finding that Benton knew the gallery had weak and unsafe planks in it before he invited appellee upon the gallery. The findings of the jury on all issues of fact were in favor of the appellee in the case, and they are fully supported by the evidence; and we assume the truth of the jury's findings, and adopt the same.

Appellee alleged that appellant, through its employee, knew that the gallery was in an unsafe and unsound condition, and so knowing, and without warning him of its unsafe condition, negligently invited him to go upon same in order to examine the lumber that he was purchasing. Appellant answered by general denial, contributory negligence, and assumed risk.

*After Stating the Case.*—The appellant asked for a continuance because of the absence of Dr. Ward, whose testimony was desired to prove, from a medical standpoint, the character and extent of the injuries sustained by appellee. Dr. Ward, according to the application, attended

appellee immediately after he was hurt, carefully examined and dressed his injuries, but did not treat him after the day of the injury. His testimony as to the injury would have been "that the only injury sustained by plaintiff outside of the jar caused by the fall, which was of little or no consequence, was a simple fracture of the thigh bone which did not in any way involve the joint, and which said fracture was promptly and properly set and dressed, and that the said fracture was not accompanied by any complications or any symptoms indicating any possible future complications, and that the said fracture was of such a kind and character that with proper care on the part of the patient the injury should have resulted in complete recovery within about sixty days and left plaintiff with a perfect limb at that time except a slight weakness therein for a few months thereafter." After the motion was presented appellee's attorney asked the court to delay the ruling on the same and to grant him time to ascertain if the witness could be had, and the court granted the request. Afterwards the attorney for appellee stated to the court that he could not procure the attendance of Dr. Ward, and the facts set out in the application for a continuance were then formally admitted by appellee's counsel as true, and the court overruled the application. The point presented by the appellant is that the error in overruling the application was not cured by the admission by appellee's counsel of the truth of the facts stated in the motion, for the reason that before making the admission appellee introduced evidence in conflict with the facts stated in the motion. In this connection it appears that after the request for delay in the ruling was granted, and before making the admission stated, the case proceeded to trial and the appellee and Dr. Cooper testified as to injuries. Dr. Cooper testified that he assisted Dr. Ward in dressing the leg; that the femur, or hip bone, was broken about four or five inches below the joint, and that "it was a simple fracture of the thigh bone, and was not accompanied with any complication of the joint or otherwise that I discovered"; that usually the femur, after being fractured, is never as strong as before, will get tired quicker, and will cause pain at times. Appellee testified that his leg was broken and that his arm and shoulder were hurt, but that he did not have his arm and shoulder treated; that he was confined to his bed thirty-five days, and was then up for about three weeks before he got on crutches; that he went on crutches for about six months because his leg was not sufficiently strong to carry him, and pained him for six months. We do not think the testimony introduced by appellee as to his injuries was materially different from that set out in the motion for continuance. Appellee's recovery was confined to injury to the leg, and not predicated on injury to the arm and shoulder. The court instructed the jury that "plaintiff has admitted that (copying the exact language in the application for a continuance as to what was expected to be proved by Dr. Ward). You are instructed that you must accept the facts so admitted to be absolutely true, and that you can not disregard the same for any reason or under any circumstances." And, as seen, if there was any conflict the charge

of the court entirely eliminated that testimony by positively stating to the jury that they could not disregard the admitted facts for any reason and must accept the same as "absolutely true." St. Louis S. W. Ry. Co. v. Campbell, 32 Texas Civ. App., 613, 75 S. W., 564.

Paragraph 5 of the court's charge was an abstract statement of the law as to the duty to have premises in a reasonably safe condition for the use of persons invited thereon. It is not complained that the charge is not correct, but erroneous and misleading when applied to the facts of the case at hand. When considered with the remaining portions of the charge, and the evidence, it was not misleading. The petition seeks to recover only as to express invitation to go upon this particular gallery where the injury occurred, and the evidence is undisputed that this gallery is where the injury occurred, and the court's charge confined a finding to this particular gallery. Dallas Con. Elec. Ry. Co. v. Chase, 126 S. W., 1109.

The subject-matter in the several special charges complained of in the third, fourth, sixth and seventh assignments of error were fully and affirmatively covered by the main charge, and there was no error in refusing the special charges.

There was no error as presented in the fifth assignment, and it is overruled.

The charge complained of in the eighth assignment does not warrant a recovery for more lost time than was alleged in the petition that appellee had lost and would lose by reason of the injury to his leg. And there was no reversible error in any other respect complained of.

The evidence establishes, we think, that appellant was guilty of negligence as complained of in the petition, proximately causing the injury, and the appellee was not precluded by contributory negligence or assumed risk; and the ninth assignment is overruled.

The judgment was ordered affirmed.

*Affirmed.*

Writ of error refused.