Dallas Consolidated Electric Street Railway Company v. Joseph Chase.

No. 2041. Decided April 13, 1910.

1.—Negligence—Pleading—Charge.

Where plaintiff alleged, as the negligence causing his injury received while alighting from a street car, a projection on the step of the car which caught the hem of his pants, throwing him to the ground, a charge which submitted

the issue of negligence in permitting a projection so causing his injury upon the platform or steps of the car, there being neither pleading nor evidence of such defect elsewhere than on the steps, was not likely to mislead the jury and is held harmless error. (Pp. 319, 320).

**2.—Jury—Constitutional Law—Jury Wheel Act.**

The Act of April 18, 1907, Laws 30th Leg., p. 269, providing for selection of juries in counties containing cities of 20,000 or more population (the jury wheel law) is sustained as valid, repeated decisions having affirmed its constitutionality. (P. 320).

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Dallas County.

Chase sued the street railway company and recovered judgment. Defendant appealed and on affirmance obtained writ of error.

*Baker, Botts, Parker & Garwood, Walter H. Walne, Spence & Knight* and *Baker & Harris,* for plaintiff in error.—When a case is submitted to the jury upon two issues and it is impossible to tell from the verdict upon which issue the jury found, the judgment will be reversed if the submission of either issue is not authorized by the pleading and the evidence. T. & P. Ry. Co. v. Corn, 1 Texas Sup. Ann., No. 9, p. 165.

The only issue of negligence presented by the pleading and proof with reference to there being any projection on defendant's car was confined to the issue of a projection upon the step, and the court's charge should therefore have been strictly confined to such issue, and the charge of the court is erroneous in that it submits the issue as to whether or not there was, through negligence of the defendant, a projection anywhere upon the car, thereby failing to limit the issue to the pleading and the proof as required by law. Rapid Transit Ry. Co. v. Strong, 108 S. W., 397; Redmond v. Sherman Cotton Mills, 100 S. W., 186; Aetna Ins. Co. v. Brannon, 101 S. W., 1020; Gulf, C. & S. F. Ry. Co. v. Harriett, 80 Texas, 73; Missouri Pac. Ry. Co. v. Lehmberg, 75 Texas, 66; Blum v. Strong, 71 Texas, 321; Southern K. Ry. Co. v. Sage, 98 Texas, 440; Houston & T. C. Ry. Co. v. Rider, 62 Texas, 270; Railway Co. v. Darton, 23 S. W., 89; Nash v. Noble, 46 Texas Civ. App., 369; Neblett v. McGraw, 41 Texas Civ. App., 239; Gulf, C. & S. F. Ry. Co. v. Jackson, 29 Texas Civ. App., 342; Stafford v. Christian, 79 S. W., 596; Lee v. Yandell, 69 Texas, 35; Cage v. Tucker, 29 Texas Civ. App., 586; Champion v. Johnson County, 109 S. W., 1147; Ft. Worth & D. C. Ry. Co. v. Watkins, 108 S. W., 488; Earnest v. Waggoner, 49 Texas Civ. App., 298; Texas & P. Ry. Co. v. Goldman, 51 S. W., 276; International & G. N. Ry. Co. v. Tisdell, 36 Texas Civ. App., 174; Houston & T. C. Ry. Co. v. Rowell, 92 Texas, 149; Cordill v. Moore, 17 Texas Civ. App., 217; Texas & N. O. Ry. v. Syfan, 43 S. W., 554.

That the "Jury Wheel Law" is unconstitutional: Art. 3, sec. 56, Constitution of Texas; 1 Lewis' Sutherland on Stat. Cons., sec. 200; City of Topeka v. Gillette, 4 Pac., 800; State v. Scott (Neb.), 100 N. W., 812; State v. Ames, 91 Minn., 365; Dickinson v. Brd. Freeholders, 60 Atl., 220, 222; Joe Sutton v. State of Tenn., 33 L. R. A., 589; Barbier v. Connolly, 113 U. S., 27-32; In re Lowrie, 9

Pac., 489; Love v. Liddle, 62 L. R. A., 482-484; State ex rel. Randolph v. Wood, 50 N. J. L., 175; Sutherland on Stat. Cons., sec. 127; Rambo v. Larrabee, 67 Kan., 634; Simpson v. Brd. Pub. Works, 9 Ohio Dec., 453; Ex parte Loving, 77 S. W., 508; Thomas v. City of St. Cloud, 90 Minn., 477; Hibbard v. State, 65 Ohio St., 574; State v. Yates, 64 N. E., 570; State v. Garver, 64 N. E., 573; Merrill v. City of Toledo, 6 Ohio Cit. Ct., 430; Lloyd v. Smith, 35 Atl., 199; Commonwealth v. Cary, 2 Pa. Co. Ct. R., 293; Gilden v. Lackawanna Co., 5 Pa. Co. Ct., 72; 8 Current Law, 1979; Green v. State, 92 S. W., 487; Seymour v. Orange, 65 Atl., 1033; Burt v. State (Miss.), 38 So., 233; In re D. P. Ayars, 2 L. R. A., 577; Morrison v. Bachert, 112 Pa., 322; State v. Gaddis, 44 N. J. L., 363; State v. Hudson, 50 N J. L., 82; State v. Herrmann, 75 Mo., 340; State v. Boyd, 19 Nev., 43; Gibbs v. Morgan, 39 N. J. Eq., 126; Dunne v. Kansas City Cable Ry. Co., 32 S. W., 641; State v. Wofford, 25 S. W., 851; State v. Co. Ct., 1 S. W., 307; Smith v. Grayson Co., 18 Texas Civ. App., 153; Orr v. Rhine, 45 Texas, 352; Womack v. Womack, 17 Texas, 1; Gonzales Co. v. Houston, 81 S. W., 118; Ellis v. Fort Bend Co., 31 Texas Civ. App., 596; Flewellin v. Fort Bend Co., 17 Texas Civ. App., 155; Hill Co. v. Atchison, 49 S. W., 141; Coombs v. Block, 32 S. W., 1139; Glover v. Meinrath, 34 S. W., 72; Dallas v. Electric Co., 83 Texas, 243; McGill v. State, 34 Ohio, 228.

*Curtis Hancock, W. T. Strange,* and *Cockrell & Gray,* for defendant in error.—The number of cases showing that a merely technical error in a charge from which no injury could have resulted is not reversible error, could be added to almost indefinitely. Cook v. Wooters, 42 Texas, 296; Case v. Jennings, 17 Texas, 661; Houston Co. v. Dwyer, 59 Texas, 113; Gulf, C. & S. F. Ry. v. Killebrew, 20 S. W., 183; Ratto v. Bluestein, 84 Texas, 59.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

This action was brought by appellee Chase to recover damages for injuries inflicted upon him, in attempting to alight from one of its cars, by the defendant company. He alleged in his petition that while a pasenger on one of defendant's cars going down Main Street he desired to alight at the crossing of Harwood Street and so informed the conductor, but that upon approaching the crossing he discovered that the conductor was not going to stop, he rang the bell as a signal to the motorman to stop, whereupon the motorman signalled to him to get off and that thereupon he approached the rear platform of the car and as the speed of the car was such as he could safely alight, he proceeded to alight from said car, and as he was in the act of alighting "some projection on the step of the car caught the hem of plaintiff's pants whereby he was hung as he was alighting and violently thrown to the ground, crippled, bruised and injured," etc.

The plaintiff testified that "when my hands struck the ground one foot was hung at that time to the step in some way."

The court charged the jury: "If, through the negligence of de-

fendant there was some projection on said car on the platform or steps thereof which caught in plaintiff's pants as he was alighting therefrom and caused him to fall and receive the alleged injuries complained of, then plaintiff should recover from defendant damages for all such injuries as directly resulted to him, if any, unless the plaintiff in alighting from said car while in motion was negligent on his part in so doing."

The objection to the charge is that the use of the words, "platform or steps of the car" is a departure from the manner in which the injury was inflicted as assigned in the plaintiff's petition and is therefore error. But we can not accede to this proposition. We have found no testimony in the statement of facts, which indicates that the plaintiff may have been injured by being hung on the platform. Hence we think it very improbable that the jury could have been misled by the ·mention in the charge of the platform. There was distinct evidence that the plaintiff was caught and hung by some projection on the step. Why should they have considered the platform when it is not mentioned in the evidence? Hence we conclude that if the mention of the platform of the car was error, it could not have prejudiced· the case of the defendant and hence is harmless error.

There is an assignment of error which attacks the constitutionality of what is commonly known as "the jury wheel law." But the Court of Criminal Appeals has repeatedly held the law to be constitutional and we have refused a writ of error in a case in which its constitutionality was maintained. We therefore regard the question as settled in favor of the validity of the Act, and overrule the assignment.

There are other assignments of error which we have considered without finding any error as shown by the record.

The judgment is therefore affirmed

*Affirmed.*