BRASFIELD et al. v. YOUNG et al.†

(Court of Civil Appeals of Texas. San Antonio. Jan. 8, 1913. On Motion for Rehearing, Feb. 5, 1913.)

1. PLEADING (§ 205*)—VENDOR'S LIEN NOTE—FORECLOSURE—PLEADING.

A petition, in an action to foreclose a vendor's lien, which stated that defendants M. delivered to plaintiff a note of defendant B., secured by a vendor's lien on certain land, as collateral security for other notes previously executed and delivered to plaintiffs by M., that all the notes were past due and unpaid, that the vendor's lien note was one of a series of four notes, the other three of which had been paid, and was the first and only lien on all the land, was sufficient as against a general demurrer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 491–510; Dec. Dig. § 205.*]

2. VENDOR AND PURCHASER (§ 275*)—VENDOR'S LIEN NOTE—FORECLOSURE—PARTIES.

Persons to whom a vendor's lien note was transferred as collateral security for other notes had a right to sue thereon in their own names, and to foreclose the vendor's lien.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 772; Dec. Dig. § 275.*]

3. VENDOR AND PURCHASER (§ 266*)—VENDOR'S LIEN NOTE—ASSIGNMENT.

The vendors, after delivering a vendor's lien note to another as collateral security, held the legal title in the land in trust for the transferee, and could not so dispose of such title as to impair the lien of the note transferred, though the transferees had no recorded assignment.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 687, 713–750; Dec. Dig. § 266.*]

4. APPEAL AND ERROR (§ 964*)—DISCRETIONARY RULING—CONSOLIDATION OF CAUSES.

Under Sayles' Ann. Civ. St. 1897, art. 1454, the matter of consolidating causes of action being discretionary with the trial court, a refusal to consolidate causes could not be reviewed, in the absence of an abuse of discretion.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3834; Dec. Dig. § 964.*]

5. APPEAL AND ERROR (§ 742*)—ASSIGNMENT OF ERROR—PROPOSITION—STATEMENT.

An assignment of error not followed by any proposition or statement, as required by the rules, will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

6. APPEAL AND ERROR (§ 742*)—ASSIGNMENT OF ERROR—PROPOSITION—STATEMENT.

An assignment of error, followed merely by an alleged proposition stating that the court erred because there was nothing in the record to show certain facts, and not followed by any statement except an invitation to search the record, will not be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

7. APPEAL AND ERROR (§ 499*)—ASSIGNMENT OF ERROR—ADMISSION OF EVIDENCE—OBJECTIONS—BILL OF EXCEPTIONS.

An assignment complaining of the admission of evidence will not be reviewed where the

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes
† Writ of error denied by Supreme Court.

record did not show that objections were made at the time, or contain any bill of exceptions covering the points.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2295–2299; Dec. Dig. § 499.*]

**8. VENDOR AND PURCHASER (§ 266*)—VENDOR'S LIEN NOTE — AGREEMENT AFTER TRANSFER BY VENDOR.**

The rights of the bona fide holders of a vendor's lien note transferred to them by the vendors as collateral security were not affected by an agreement between the vendors and third parties who loaned them money to pay part of a debt against the land that the lien of the note should be second to the lien given to secure the loan, though such third parties believed that the note was in the possession of the vendors.

[Ed. Note.—For other cases, see Vendor and Purchaser. Cent. Dig. §§ 687, 713–750; Dec. Dig. § 266.*]

**9. APPEAL AND ERROR (§ 742*)—ASSIGNMENT OF ERROR—SUFFICIENCY.**

Assignments of error which are unsupported by propositions or statements, and cannot be considered unless the court search the record to find the error complained of, will not be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

**10. VENDOR AND PURCHASER (§ 294*)—VENDOR'S LIEN NOTE—FORECLOSURE—ATTORNEY FEES.**

In an action to foreclose a vendor's lien note providing for an attorney's fee, the plaintiff need not allege and prove the reasonableness of such fee.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 830; Dec. Dig. § 294.*]

**11. VENDOR AND PURCHASER (§ 285*)—VENDOR'S LIEN NOTE—PLEADING—JUDGMENT.**

Under a prayer for equitable relief in an action on a vendor's lien note, the court was empowered to adjust the equities between the parties, and to dispose of all matters involved in the cause.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 800–807; Dec. Dig. § 285.*]

On Motion for Rehearing.

**12. EVIDENCE (§ 175*)—BEST EVIDENCE—JUDGMENT.**

In an action on a vendor's lien note transferred to plaintiffs as collateral security for other notes, the judgments which plaintiffs recovered on the other notes, being the best evidence of the amount due, were properly admitted in evidence.

[Ed. Note.—For other cases, see Evidence. Cent. Dig. §§ 561, 565, 568, 569; Dec. Dig. § 175.*]

**13. ATTORNEY AND CLIENT (§ 70*)—POWER TO SUE—PRESUMPTION.**

In the absence of a motion provided for by Rev. St. 1895, art. 272, authorizing a defendant, by motion, to question the authority of the plaintiff's attorney to begin the suit, an attorney who has possession of a note and files a suit thereon in the name of the holder, and prosecutes the same in a regular and lawful manner, will be presumed to have authority to do so.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 95; Dec. Dig. § 70.*]

Appeal from District Court, Matagorda County; Wells Thompson, Judge.

Action by Sadie A. Young and others against D. G. Brasfield and others. From judgment for plaintiffs, defendants appeal. Affirmed, and motion for rehearing overruled.

Gaines & Corbett, of Bay City, for appellants. Linn, Conger & Austin, of Bay City, for appellees.

TALIAFERRO, J. This suit was brought by Sadie A. Young and husband and Mary Goshorn, a feme sole, against D. H. Brasfield, G. M. Magill, and J. W. Magill to recover $3,625, with interest and attorney's fees, upon a note made by Brasfield to the Magills, and by them indorsed and transferred to the plaintiffs as collateral security for two notes held, respectively, by the two plaintiffs, Sadie A. Young and Mary Goshorn. The suit was also to foreclose the vendor's lien. H. P. Drought & Co. were made defendants upon the allegation that they asserted some claim upon the subject-matter in litigation. The plaintiffs alleged that the defendants Magill had executed and delivered to them two notes, one for $1,700 to Mrs. Sadie A. Young and one for $1,800 to Mary Goshorn; that as collateral to secure the payment of both of said notes the Magills had delivered to them, to be held jointly, one note of defendant D. H. Brasfield for $3,625. The Brasfield note was secured by a vendor's lien upon three pieces of land that need not be described. They alleged that all the said notes were past due and unpaid. Plaintiffs also alleged that as a part of the purchase price of the land in question defendant Brasfield had executed to the Magills four notes: No. 1 for $1,890.67, No. 2 for $3,000, No. 3 for $3,625, and No. 4 for $3,625, and that the note held by them was No. 3 of the series. They further alleged that all the notes except No. 3 had been fully paid off and satisfied, and that said note No. 3 was a first and only lien on all the land.

Defendants Brasfield and the Magills answered by general demurrer and the following special exceptions:

(1) That the suit should abate because the petition showed upon its face that plaintiffs were not owners of note No. 3, but were merely holding same as collateral.

(2) That the petition showed upon its face that the superior title to the land was still in the Magills, and that plaintiffs had no recorded assignment thereof.

(3) That plaintiffs were not entitled to attorney's fees upon the Brasfield note because the petition revealed the fact that the Magills were being sued by plaintiff on the two original notes, and that attorney's fees were being sought upon those notes also.

They also answered by general denial. By supplemental answer they prayed that the suit be abated until after the determination of the suits filed by plaintiffs upon the original notes. A general demurrer to this sup-

plemental answer was sustained by the court.

Drought & Co. adopted the pleas of their codefendants, and, in addition, alleged that the Magills had bought the 400-acre tract of land in question from one Laake; that as part payment therefor the Magills had made their four notes to Laake, each for $1,000, and that Drought & Co. had purchased these notes from Laake. They further alleged that the Magills had sold this piece of land, together with two other tracts, one of 100 acres and one of 50 acres, to Brasfield, taking his notes as follows: No. 1, $1,890.67, No. 2, $3,000, No. 3, $3,625, No. 4, $3,625, and that of these the first was paid by the Magills. Brasfield, also, as a part of the consideration for the three tracts of land, assumed the payment of the four $1,000 notes held by Drought & Co.—that afterwards Drought & Co. loaned Brasfield $9,000 with which he was to take up the four $1,000 notes, the $3,000 note, and make a payment upon the remaining two notes of $3,625 each. And they alleged that the Magills, who claimed to hold said notes 3 and 4 for $3,625 each, agreed to accept a partial payment upon those notes, and subordinate the balance to the lien to be executed to Drought & Co. by Brasfield to secure the $9,000 loan. Such an agreement was, in fact, executed by the Magills. Drought & Co. claimed that they were not told that plaintiffs held note 3, and that they believed it was held by the Magills at the time of the $9,000 transaction. Wherefore they contended that they should have a lien superior to that of the $3,625 held by plaintiffs. The court overruled all of defendants' demurrers, and rendered judgment as follows: That the $4,000 original vendor's lien notes on the 400 acres be declared a preferred lien in favor of Drought & Co. upon that tract of land, that the lien of notes 2, 3, and 4 above described was of equal right, and that they were a second lien upon the 400-acre tract and first lien upon the other two tracts. The plaintiffs were given judgment for $3,625, with interest and 10 per cent. attorneys fees, and the vendor's lien was foreclosed upon all the land in accordance with the decree.

[1] Appellants' first assignment of error complaining because the court overruled their general demurrer cannot be sustained. The plaintiffs' petition states a cause of action.

[2] The second and fourth assignments of error, in different language, contend that the court should have sustained appellants' special exception to plaintiffs' petition, upon the ground that its allegations revealed the fact that plaintiffs were not the actual owners of the note sued upon, but only held it as collateral security for other debts of G. M. & J. W. Magill, the original holders. These assignments must be overruled. The note was negotiable, and by its indorsement and delivery, as collateral security, a beneficial interest in the note was vested in the appellees, which gave them all the powers and remedies necessary for their protection. They had the right to collect the note at maturity and apply the proceeds upon their debt; or, when the note was not paid at maturity, they had the right to file suit thereon in their own names and to foreclose the vendor's lien. While the indorsement and delivery of a negotiable vendor's lien note does not carry with it the legal title to the land, it does carry with it the right of the original holder to foreclose the lien by suit and to sell the land to satisfy the debt, subject to the proportional rights of holders of other notes of the same series and protected by the same lien.

[3] The Magills held the legal title in trust for the holders of the notes, and they had not the power to dispose of the legal title in such manner as to impair the lien of the note they had transferred to appellees. Douglass v. Blount, 95 Tex. 380, 67 S. W. 484, 58 L. R. A. 699, and cases there cited. Hamblen v. Folts & Walsh, 70 Tex. 135, 7 S. W. 834, and cases cited.

What has been said with reference to the second and fourth assignments also disposes of the third assignment of error.

[4] The fifth and sixth assignments of error are overruled. Article 1454, Sayles' Revised Statutes, provides as follows: "Whenever several suits may be pending in the same court, by the same plaintiff, against the same defendant, for causes of action which may be joined, or where several suits are pending in the same court, by the same plaintiff, against several defendants, which may be joined, the court in which the same are pending may, in its discretion, order such suits to be consolidated." The trial court did not abuse its discretion in this case in refusing to consolidate these causes of action, and its judgment is therefore not subject to revision by this court.

Appellants' seventh assignment of error is not a proposition of law, but a conclusion of fact, and will not be considered by this court.

[5] The eighth assignment of error is not followed by any proposition or statement, as required by the rules, and will not be considered.

The ninth assignment of error complains that the court admitted in evidence the two judgments against the Magills, one in favor of Sadie A. Young and the other in favor of Mary Goshorn. No bills of exception appear in the record covering the mattter, and this assignment will not be considered.

[6] Appellants' tenth and eleventh assignments of error assert that the court erred in sustaining plaintiffs' general and special demurrers to their supplemental answer. What appellants term a proposition alleges that this action of the court was error, because there was "nothing in the record to show ownership of the note by plaintiffs at the time of the agreement to extend." No statement follows except an invitation to this

court to search the record. These assignments will not be considered.

[7] The twelfth and thirteenth assignments of error complain of the admission of evidence. Nothing appears to show that objections were made at the time, and no bills of exceptions are in the record covering the points. The assignments will not be considered.

There is no merit in appellants' fourteenth assignment of error, and it is overruled.

[8] The court did not err in holding the plaintiffs' lien equal in right with H. P. Drought & Co. in all except the lien of the $4,000 and interest upon the 400-acre tract. The evidence amply shows that the loan of $9,000 made by H. P. Drought & Co. was made for the purpose of refunding the notes outstanding against this property. It was understood by all that $9,000 would not redeem all the notes, but it was agreed that the four $1,000 notes and the $3,000 note should be paid, and that the balance of the money should be applied upon one of the two $3,625 notes. The balance due upon these last two notes the Magills agreed to make a second lien to that held by Drought & Co. for the $9,000 loan. As between the parties this transaction was valid and binding, but it could in no way affect the plaintiffs as bona fide holders of note No. 3. The preference lien of Drought & Co. upon the 400 acres to secure the four Magill notes remained unchanged, and they acquired a lien equal in priority with plaintiffs for the remainder of the $9,000 loaned Brasfield. It is not controverted that Drought & Co. knew that there were three notes outstanding against the land at the time they made the loan, and they knew that these notes were negotiable. They cannot now be heard to say that they were led to believe, or did believe, that all those notes belonged to or were in possession of the Magills. The law makes it their duty to know that such may not be the case, and, if they fail in the diligence which would have advised them of this fact, they, and not these appellees, must suffer for their neglect. He who trusts most must suffer most. The appellees were guilty of no act which could have deceived the appellants. Drought & Co. trusted the people with whom they were dealing, and cannot now call upon another to carry the burden of their overconfidence. The fifteenth assignment is overruled.

The sixteenth assignment of error is disposed of by what has been said in reference to the fifteenth assignment.

[9] Appellants' seventeenth, eighteenth, nineteenth, and twentieth assignments of error cannot be considered because they are not briefed in accordance with the rules. This court is reluctant to disregard assignments embodied in a brief, but, where they fail to comply with the rules in such manner as to greatly consume the time of the court, it is necessary for us to do so. These assignments are unsupported by propositions or statements, and virtually relegate the court to the necessity of searching the whole record to find the error complained of or disregarding the assignments altogether.

[10] The twenty-first assignment of error is overruled. It is not necessary for plaintiff to allege and prove the necessity for and reasonableness of the attorneys' fee provided for in a note. The case of Bolton v. Gifford, 45 Tex. Civ. App. 140, 100 S. W. 211, relied upon by appellants to support their proposition, has been overruled by the Supreme Court in First Nat. Bank v. Robinson, 135 S. W. 372. See King's Conflicting Cases, vol. 3, § 285.

[11] Appellants' twenty-second assignment of error complains that the court erred in attempting to dispose of the interests of G. M. & J. W. Magill in the Brasfield notes because there was no prayer authorizing such judgment. The plaintiffs' petition and also the answers of the defendants very fully set out the relation between the parties and the various claims and demands that grow out of the transactions between them. The plaintiffs pray for equitable relief, and under that prayer, upon the evidence, the court was empowered to adjust the equities between the parties, and to render a final judgment which would dispose of all the matters involved in the cause. There was no error in this judgment, and the twenty-second assignment is overruled.

The judgment of the lower court is affirmed.

### On Motion for Rehearing.

[12] In our original opinion we refused to pass upon appellants' ninth assignment of error, which objected to the action of the court in admitting in evidence the decrees in causes 3135 and 3136, because no bill of exception is in the record covering the point in the assignment. Appellants call our attention to the fact that exception to this evidence was saved at the trial and appears properly in the statement of facts. That being the case, this court should have considered the said assignment, and will now do so. Causes 3,135 and 3,136 were instituted in the same court in which this suit was pending; one was by Mary Goshorn against G. M. & J. W. Magill and the other by Sadie A. Young against the Magills. These suits were filed to recover upon the original notes of the Magills, payable to the appellees, described in our opinion, and as security for which the $3,625 note was given. The suits had been prosecuted to judgment, and therefore the judgments, instead of the notes, were the best evidence of the amount due by the Magills to Mrs. Goshorn and Mrs. Young. It was necessary, in the proper disposition of this cause, for the court to know the amounts due by the Magills to those parties, and therefore the judgments were properly admitted in evidence.

Appellants contend that assignments of error Nos. 10, 11, 17, 18, 19, and 20 were sufficiently in compliance with the rules of this court to require their consideration. Through deference to appellants' request, we have very carefully considered those assignments. They do not present any error, and they are overruled.

[13] Appellants further contend that there was error in our ruling upon their twenty-first assignment, because they say there was no evidence that the attorney who filed this suit had authority for filing the same. Just how appellants reach this conclusion is not apparent. It is not disputed that the note was delivered to the appellees herein as collateral security, and that it was past due when suit was filed. Nor is it disputed that the two principal notes were past due and unpaid. The collateral note was in the hands of the attorney who brought the suits upon the two principal notes and prosecuted the same to judgment without objection from the owners thereof. This suit was filed upon the collateral note, and it is in evidence that it was transmitted by Young, the agent of appellees, to the attorney, with the two principal notes, by letter which instructed him to file suit if the principal notes were not paid or extended with additional collateral as security. Appellants for many months had been dealing with Young as agent for the appellees, and never did they at any time question his authority as such agent until they denied his right to authorize this suit to be brought. A statute has been provided in Texas by which an attorney's right to bring a suit can be tested. Article 272, R. S. 1895. In the absence of a motion as provided by this statute, an attorney who has possession of a note and files suit thereon in the name of the payee or holder and prosecutes the same in a regular and lawful manner will be presumed to have the authority he appears to possess.

The motion for rehearing is overruled.