## BAIN et al. v. COATS et al.  (No. 6476.)

(Court of Civil Appeals of Texas, San Antonio. Jan. 19, 1921. Rehearing Denied March 9, 1921.)

**1. Action ⊚⟞56—Appeal and error ⊚⟞964—Court has discretion in joining causes of action.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 2182, whether suits should be consolidated is largely in the trial court's discretion, and this discretion will not be reviewed unless there has been manifest injury.

**2. Action ⊚⟞57(2)—Actions against executors and sureties held properly consolidated.**

Actions against executors and their sureties, one for waste and misapplication of funds, and another to set aside a conveyance of lands of the estate, fraudulently procured, to one of the sureties, with the collusion of the executors, held properly consolidated under Vernon's Sayles' Ann. Civ. St. 1914, art. 2182.

**3. Parties ⊚⟞25—Joinder held discretionary.**

Joinder of parties is a matter within the discretion of the court.

**4. Parties ⊚⟞25—"Misjoinder" defined.**

Whenever the right to recover against one defendant, under allegations of the petition, would preclude the right to recover against another joined as defendant, there is a "misjoinder" of parties defendant.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Misjoinder.]

**5. Action ⊚⟞57(2)—Consolidation of suits held not to effect misjoinder of parties.**

Actions against executors and their sureties, one for waste and misapplication of funds, and another to set aside a conveyance of lands of the estate, fraudulently procured, to one of

⊚⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the sureties, with the collusion of the executors, *held* properly consolidated as against the objection of misjoinder of parties.

**6. Executors and administrators ⬤➡149—Evidence held to show fraud in purchase from executors.**

In action to set aside a conveyance by sole devisee and executors of lands of the estate to defendant, a surety of the executors, evidence *held* to show collusion between defendant and the executors.

**7. Executors and administrators ⬤➡149—Findings held to justify relief.**

In action to set aside collusive purchase from executors of lands of the estate, the court was not precluded from giving relief on a finding of the fraud charged because there was no finding of fraud as to the preliminary contract pursuant to which the conveyance was made, as the contract had served its purpose when merged in the executed deed.

**8. Executors and administrators ⬤➡149—Complaint held sufficient in action to set aside collusive purchase from estate.**

In action to set aside collusive purchase from executors of lands of the estate, the pleadings were sufficient, without specially pleading the preliminary contract pursuant to which the conveyance was executed, as such contract could be used as evidence on the issues without special pleading.

**9. Pleading ⬤➡236(4)—Trial amendment discretionary.**

A trial amendment after the jury had answered the special issues *held* within the trial court's discretion.

**10. Courts ⬤➡472(4)—Only district court could give adequate relief where land of estate fraudulently conveyed.**

Where land had been fraudulently conveyed away from a decedent's estate, only the district court could grant adequate relief.

**11. Executors and administrators ⬤➡529, 537(7)—Surety liable for executors' fraud, irrespective of personal profit; separate suit against executors not necessary.**

A surety of executors is liable for their fraud and breach of trust, although he may not have personally profited, and he cannot drive the beneficiary of the trust to a separate suit against the executors.

**12. Fraud ⬤➡30—Surety participating in principal's fraud liable with him.**

A surety may keep aloof from participation in his principal's fraud, in which case he can be held only on the basis of his bond; but the moment he abandons that position and deals with the principal in the fraud, he will be stripped of his benefits and made to respond with his principal in damages.

**13. Trusts ⬤➡356(1)—Trust property may be followed.**

A court of equity may reach trust property in the hands of any person not innocent.

Appeal from District Court, Karnes County; Covey C. Thomas, Judge.

Suit by Mrs. R. H. Coats and others against L. E. Bain and others. From judgment for plaintiffs, defendants appeal. Reversed and rendered.

A. J. Parker and Lewright & Lewright, all of San Antonio, for appellants.

J. B. Dibrell, of Seguin, Bell & Brown, of Karnes City, and L. H. Browne, A. J. Bell, and J. D. Dodson, all of San Antonio, for appellees.

COBBS, J. W. G. Butler, Jr., died on the 20th day of November, 1913, in Karnes county, leaving a large estate consisting of real and personal property. He left a will in which he made Mrs. Ira Butler, his surviving wife, now Mrs. R. H. Coats, appellee, sole devisee. L. E. Bain and A. J. Parker were made executors, and were required to give bond and make report of their actions to the probate court of Karnes county.

A temporary administration was taken out and closed on the 16th day of February, 1914, at which time the will was entered of probate, and thereupon L. E. Bain and A. J. Parker qualified as executors and gave bond, with appellants J. L. Bain, T. G. Butler, and E. C. Seale as sureties. On the 26th day of May, 1917, the executors secured an order of the probate court approving their final account as such, discharging them and their said bondsmen from further liability. On the 17th day of July, 1919, appellees filed a proceeding in said county probate court against appellants, individually and as executors of said estate, and against said sureties as such, to set aside and vacate the order of court.

On the same day appellees instituted two suits in the district court, one against appellants A. J. Parker and L. E. Bain, individually and as executors of said estate, and against J. L. Bain, T. G. Butler, and E. C. Seale, as sureties on their said bond, numbered 2187, styled "Mrs. Ira Coats et al. v. A. J. Parker et al.," to recover $100,000 damages for waste and misappropriation of the property of the estate. Another suit was brought in district court against A. J. Parker and L. E. Bain, individually and as executors of said estate, numbered on said docket No. 2188, styled "Mrs. Ira Coats et al. v. J. L. Bain et al.," to cancel and set aside a deed and conveyance executed by A. J. Parker and L. E. Bain as executors and signed by Mrs. R. H. Coats to J. L. Bain, appellant, conveying to him 3,018 acres of land, and recover the unsold portion thereof, amounting to 1,066.2 acres. The ground upon which the recovery was sought for the unsold portion was based upon allegations of bad faith and fraud and want of duty in the execution of their trust as such executors, conspiring with J. L. Bain

---

⬤➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

to cheat, defraud, and swindle appellees and said estate.

The proceeding in the county probate court was heard on the 6th day of March, 1920, when an order was entered setting aside the previous order approving report of the executors and discharging them and their bondsmen from further liability; and thereupon, on the 9th day of April, 1920, appellants filed in the said district court petition for certiorari in cause No. 2225, "Estate of W. G. Butler, Jr., Dec'd." styled "Mrs. R. H. Coats et al. v. L. E. Bain et al.," in which A. J. Parker and L. E. Bain were joined as executors and as individuals, and J. L. Bain, T. G. Butler, and E. C. Seale as sureties upon the bond of said executors, which was granted. Hence by which proceedings all of said causes appeared upon the docket for trial and disposition in the district court of Karnes county.

Upon this state of the docket, on June 10, 1920, appellees timely filed in said court motion to consolidate cause No. 2225, brought up from county court by certiorari, with causes Nos. 2187 and 2188, alleging in cause No. 2225 appellees were seeking to enforce a complete accounting of appellants A. J. Parker and L. E. Bain as executors of said estate, praying judgment against them and their sureties, J. L. Bain, T. G. Butler, and E. C. Seale, for such sums as might be found due on an accounting. The court granted the order of consolidation of causes Nos. 2225, 2187, and 2188.

Upon motion of appellants, appellees were required to replead and recast said three consolidated causes into one, which was accordingly done by their fourth amended original bill of review and repleader. In reply to which appellants filed their third amended original answer, excepting thereto, and with full answer on the merits, upon which two pleadings the cause went to trial. The case was tried with a jury upon special issues submitted by the court. Upon their verdict the court entered a judgment in favor of appellees. The judgment, among other things, substantially, on the issue in question, was:

"(1) The court is of the opinion, and considers and so adjudges, that plaintiffs should not be awarded, and they are hereby denied, judgment for any portion of the profits realized from the sale of land contained in the 3,018 acres and for the portion of said land yet unsold in the hands of J. L. Bain, aggregating 878 89/100 acres, but that upon the finding of the jury that the contract and deed executed and delivered to the defendant J. L. Bain, at $18 per acre, was fraudulent, and in that event the court is of the opinion that the contract dated February 15, 1916, at $22 per acre, and the notes based thereon, aggregating $60,396, are in full force and effect, and fix or determine the rights existing between plaintiffs and defendants as to recovery predicated upon the 3,018 acres of land deeded to J. L. Bain, and the court finding that the vendor's lien notes executed by J. L. Bain were secured by vendor's lien on 3,018 acres of land sold to J. L. Bain by L. E. Bain and A. J. Parker, executors of the estate of W. G. Butler, Jr., deceased, and Mrs. Ira Butler, now Mrs. R. H. Coats, on the 19th day of February, 1917, and recorded in volume 53, on page 778, of the Deed Records of Karnes County, Texas, and which is described by metes and bounds as follows, to wit, * * * and it further appearing to the court that the defendant J. L. Bain wholly made default in payment of both principal and interest due on said notes, on February 15, 1917, and but for the existence of the contract found by the jury to be fraudulent the executors would have declared said entire amount, principal and interest and attorneys' fees, due on said date, and that no payment was credited to said estate until April 5, 1917, on which day the sum of $48,324 was credited to said estate, and that on said date the total amount due and then payable on said notes, principal, interest, and attorneys' fees, was $71,732.49, and the court, being of the further opinion that said credit should be applied on said date to said sum due, so orders, and the court considers and so finds, that plaintiffs are entitled to, and awards them, judgment against the defendant J. L. Bain, individually, for the sum of $28,887.43, with interest from this date until paid at the rate of 7 per cent. per annum, and for foreclosure of the vendor's lien as above described to secure the payment thereof, for order of sale, writ of possession, and for execution for any deficiency which may remain after sale. The court is of the further opinion, and so considers, adjudges, and decrees, that the plaintiffs should be and they are hereby denied cancellation of the deed of trust executed and delivered to L. E. Bain, February 15, 1917, but the same is in all things inferior and subordinate to the vendor's lien found to exist in favor of plaintiffs above described and foreclosed. * * *"

The same judgment was also awarded against the other appellants as principals and sureties, from which judgment all appellants have appealed and assigned errors. Likewise appellees have cross-assigned errors.

J. L. Bain's first assignment contends the court erred in consolidating cause No. 2225 against L. E. Bain et al. with No. 2188 against J. L. Bain et al. over his objection, and his proposition is because said cause of action involves and presents wholly separate and distinct issues of fact and law, and there is no identity of parties defendant therein.

[1] Of course so long as article 2182, R. S. (Vernon's Sayles') allows causes of action to be joined where several suits are pending in the same court by the same plaintiffs against several defendants involving similar issues, it is within the discretion of the court to consolidate. Therefore, whether suits should be consolidated or not is seen to be largely in the discretion of the trial court. Young

v. Gray, 65 Tex. 99; Bolden v. Hughes, 48 Tex. Civ. App. 496, 107 S. W. 92. That discretion will not be reviewed unless there has been a manifest injury. Brasfield v. Young, 153 S. W. 180; W. U. Tel. Co. v. Morrow, 208 S. W. 689; Marshall v. Magness, 211 S. W. 541; Love v. Keowne, 58 Tex. 191.

[2] The parties in the county and district courts are the same executors and sureties as here. The proceeding in the county court was to set aside a final judgment obtained there dealing with the same property. It could not be collaterally attacked, and before an accounting could be had appellee was required to cause it to be set aside and opened up. In the ultimate result of that judgment the sureties would be affected. In the suit to set aside, the deed alleged to be fraudulently made was of lands belonging to said estate, alleged fraudulently conveyed to J. L. Bain, a surety on the bond of the executors, L. E. Bain and A. J. Parker, in which the appellee was alleged to have been fraudulently induced to join; it was against the executors as such and individually against J. L. Bain, a surety on the bond. One was to recover damages for the waste and misapplication of the property of said estate against said executors as such and individually against said three sureties, J. L. Bain, T. G. Butler, and E. C. Seale, on said bond as executors. It is a clear case for consolidation. It is against executors and sureties calling for an accounting of their acts, being charged with mismanagement, waste, misapplication of funds, and misappropriation of an estate that they were bound in law and good morals to properly administer; also to cancel and set aside a conveyance of lands of the estate it was alleged one of the sureties fraudulently secured. No other person to sue and hold accountable than all these appellants, and no other a party similarly responsible for the alleged causes of mismanagement, waste, and fraudulent conversion of properties and assets of the estate. It was to prevent a multiciplicity of suits repugnant to judicial procedure. We have carefully examined the authorities cited by appellant, and we do not think they are opposed to these views.

[3-5] For the same and similar reasons, we do not think there is a misjoinder of parties. That, too, is a matter largely within the discretion of the court. National Security Co. v. Atascosa Ice, Water & Light Co., 222 S. W. 597. Whenever the right to recover against one defendant, under allegations of the petition, would preclude the right to recover against another joined as defendant, there is a misjoinder of parties defendant (Clegg v. Varnell, 18 Tex. 300, and Frost v. Frost, 45 Tex. 340, followed). Williams v. Robinson, 63 Tex. 576. The same parties, whether principal or sureties, are alike obligated, and the lands, the subject-matter of one of the suits, were part of the assets of the estate, and the facts required for the determination are practically the same.

Had there been no sale of any part of the 3,018 acres of land to innocent purchasers, and the conveyance thereto set aside, all the lands would have been returned and the measure of damages somewhat different. That appellee did not seek to recover the sold lands, but in lieu thereof for profits, damages, etc., did not in any way render such a misjoinder improper, so as to deny to the appellee the right to have all these parties together in this suit for a full accounting and hearing on all the matters growing out of the mala fides of those acting in such trust capacity and relation, before the district court, whose broad powers are able to render adequate and complete justice, whether equitable or legal. Therefore assignments Nos. 1 and 2 are overruled.

[6] Appellant J. L. Bain requested the court to instruct a verdict for him upon the ground there was no evidence tending to show any collusion between him and the executors, or either of them, in the matter of the purchase of the 3,018 acres, and no evidence tending to show fraud in the transaction. Upon this theory the appellant has presented his third assignment of error.

A transaction alleged to be fraudulent, especially when the alleged purchaser is a surety on the bond of the alleged executor, who finances the transaction and deals adversely with the trust property, may be the strongest circumstance tending to show the want of care and fair dealing with the trust, but can and will be looked upon as tending to establish fraud, and this with other circumstances afforded ample testimony to show fraud. The facts were all before the jury. It was their province to weigh the testimony, as well as scrutinize the witnesses themselves. They could consider their manner of testifying, the manner of handling the estate, its moneys, and its accounts, and the fact that the funds were kept and mingled with those of one of the executors in his private account in his bank. It was their province, too, to believe or disbelieve any testimony not satisfactory or convincing to their minds. Of course, we do not mean for the jury to arbitrarily disregard or disbelieve any witness, but they are the judges of the weight to be given to the evidence and the credibility of the witnesses. This assignment is overruled, and as assignments Nos. 4, 5, 6, 7, 8, 9, and 10 raise practically the same questions as in No. 3, but more particularly directed at special charges Nos. 11 and 12, given by the court in submitting the issue of fraud to the jury in the purchase of the land, they are also overruled for the reason there was sufficient evidence to require such a submission, and,

so being, the court could not properly refuse to do so.

[7] Appellant J. L. Bain complains in his eleventh assignment that the court erred in granting any relief based upon the finding of the jury on the alleged fraud in the deed of February 19, 1917, because on September 25, 1916, there was in all respects a valid and enforceable contract against the exec-utors, which was not impeached nor questioned by the jury, and was shown to be fairly made. The argument made is that the contract, by its terms, allows the contracting parties to buy the 3,018 acres at $18 per acre in cash, and it was error to base a judgment upon the verdict of the jury that the deed of February, 1917, was fraudulent. Further, because appellees' "Fourth Amended Original Bill of Review and Repleader" did not mention at all the contract of September 25, 1916, hence until and unless that contract is set aside the verdict relative to the deed of February 19, 1917, is of no value in determining the rights of the parties. We do not follow the contention. The contract recites a cash consideration. J. L. Bain did not have it. He was financed by the executor. It was shown the money largely came from sales of the estate's lands, mortgaged or otherwise to secure the funds—a part of the scheme to raise the money. This contract had served its purpose when it was merged in the executed deed. This assignment is overruled.

[8] As to the sufficiency of the pleading. We regard the pleadings unnecessarily full and entirely sufficient for the submission of all the issues in the case. The prayer winds up "for such general relief as the facts developed upon the trial may show them entitled to receive and for costs of suit."

We do not believe there was any error in the trial court's rendering judgment on the findings of the jury that the deed of February 19, 1917, was fraudulently procured, canceling same, except in the particular herein discussed, in refusing to enter the judgment for the land, for the $15,000 and the $10,000, nor cancel deed of trust; that the deed was based upon the contract of September 25, 1916, not upon the contract of February 15, 1916; that contract of February 15 seems treated as having been canceled and released. Properly speaking, all the contracts in connection with the whole testimony may be looked to and treated as a part of the whole transaction, being preliminary to securing the land from the estate by the same parties, though perhaps merged in the second contract of September 25th of the same year, providing for cash sale at a lower price. And it was not necessary in the pleading to specially plead the evidence or mention any contract as a part of a general fraud and scheme to take the land from the estate. They could be used as evidence on the issues without any special pleading. Their cancellation was not sought; it was the deed, not the contract, that required cancellation, for all prior contracts forming the basis of the deed, whether made in good faith or not, became thereby executed, and all contracts thereto pertaining merged in the executed deed. The assignment is overruled.

[9] We do not think it was error in the court, under the circumstances, considering the view it took of the law and the facts, independent of any specific issues raised by the pleadings, to allow the trial amendment after the jury had answered the special issues. Such permission is always within the fair and reasonable discretion of the court. This was after appellees had moved for a judgment for the $15,000 found in their favor by the jury, being for the net profits made by J. L. Bain on the resale of a portion of the 3,018 acres of land, with interest from October 1, 1917, and for cancellation of said deed and recovery of the unsold portion of said land, approximately 878.89 acres; the court announced no other judgment would be rendered upon the findings of the jury answering issues 11 and 12, except the one that was rendered, and denied a judgment to appellees for the $15,000 and for that land. If, after the court properly submitted that issue to the jury on appellees' case as a material issue, it was supposed this trial amendment was necessary, there was no error under the circumstances to permit it. There was nothing new in it that required other proof than already before the court, but this ruling, of course, came as a surprise to appellee, who, under the circumstances, feared the pleading might not be sufficient to meet this new phase, and desired the amendment. Besides this, if error at all, it was harmless. That part of the judgment is set out herein in hæc verba.

As seen from our opinion, the court erred against all the parties; against appellants in its judgment for $28,887.43, and against appellees in the manner set out in the cross-assignments.

From the view we take of this case, in considering appellees' third cross-assignment, the error, if any, in respect to allowing 10 per cent. attorneys' fees, provided for in the ten notes given by appellant J. L. Bain, raised by assignments Nos. 15 and 16, is eliminated by allowing the appellee the $15,000 found by the jury as net profits in the resale of a portion of the land, with interest from October 1, 1917, and the cancellation of the deed of February 19, 1917, and deed of trust and a recovery of the unsold portion of the 3,018 acres of land.

We overrule appellants' seventeenth assignment of error. There was no error in canceling the deed by the executors and

Mrs. Coats to appellant J. L. Bain, of February 19, 1917, because the jury found it was made through fraud, and not made pursuant to the contract of date February 15, 1916.

Appellants' assignment No. 3 is in apparent conflict with this assignment No. 18. See Emmons v. Oldham, 12 Tex. 25. We overrule it also, because, in effect, it has been fully discussed herein.

Appellants' nineteenth, twentieth, and twenty-first assignments seem to present different rules for the measure of damages. Emmons v. Oldham, supra. We have in this opinion passed upon the issues raised, and these assignments are overruled.

The twenty-second assignment is rendered unimportant by our ruling on appellees' third cross-assignment, as shown above, wherein we reverse the ruling of the court and allow a recovery for profits, which is the correct measure in this case for damages on the point.

We overrule appellants' twenty-third assignment. He here again complains that the court erred in submitting special issue No. 11 on the question of fraud. That has been disposed of by us in a previous discussion herein.

So also the twenty-fourth assignment in respect to special issue No. 12 has been discussed and is overruled. So also the matters raised again in the twenty-fifth assignment attacking the sufficiency of the pleading is overruled.

We find no merit in the contention urged in respect to the pleas of privilege. The court had jurisdiction both of the person and property of appellants involved in this controversy. The appellee cross-assigns error that the court erred in overruling the motion to enter judgment canceling the deed dated February 19, 1917, conveying 3,018 acres of land to J. L. Bain, and the deed of trust lien given on a portion by J. L. Bain to L. E. Bain, and denying judgment in accordance with the finding of the jury, which finding justified a judgment canceling said deed of trust and vesting in appellee the title to the remaining unsold 878.89 acres of land.

Appellees' second and third cross-assignments are: The court erred in not rendering judgment for the $15,000 profits realized from the lands resold, and the undisputed evidence showing the profits were realized by October 1, 1917, together with interest thereon from that date. These issues in various forms were properly submitted to the jury, who, upon sufficient evidence, found the same in favor of appellees. The court had no power, under the circumstances, to set aside their findings on the question of fraud in the conveyance that vitiated it, nor to deny the recovery of the profits made from the sale predicated upon fraud in its

procurement. He could not substitute his finding, under the circumstances, upon issues properly submitted to them to ascertain. If the court was not satisfied with the manner in which the case was tried, or the verdict of the jury, then the alternative was either to require a remittitur or a new trial. It is not a case in which the court was authorized to reduce a verdict, or make a new and substituted finding, not on an issue submitted in the case for that purpose, but clearly opposed to all issues in the case. We overrule appellants' assignment on the issue and sustain those cross-assignments, all on the same subject urged by appellee.

Until the court's judgment was announced, all parties seem to have treated the prior contract as abandoned or merged in the deed; necessarily so, as the issue was as to the validity of the deed. The prior contract seemed to have been treated as void upon its face, being made in violation of the powers of sale by the will, which prohibited the land to be sold on a credit, as was done. The subsequent contract and deed providing for a cash sale for a different amount was to meet that provision, as the surety could not pay all cash without being financed by the executor, and the price for that reason reduced.

[10] The jurisdiction of the district court was invited by both parties, and the subject-matter and the issues were such as that court alone could adequately grant the relief. The land had been fraudulently conveyed away from the estate. Chapman v. Brite, 4 Tex. Civ. App. 506, 23 S. W. 517; Franks v. Chapman, 61 Tex. 583; Chifflet v. Willis, 74 Tex. 245, 11 S. W. 1107.

[11] The liability of J. L. Bain as surety, though he may not have personally profited from the fraud of the executors, renders him liable for their fraud and breach of trust growing out of the wrongful execution of the trust. 11 A. & E. (2d Ed.) 901; Judge of Probate v. Sulloway, 68 N. H. 511, 44 Atl. 720, 49 L. R. A. 347, 73 Am. St. Rep. 619; Deobold v. Oppermann, 111 N. Y. 531, 19 N. E. 94, 2 L. R. A. 644, 7 Am. St. Rep. 760. Nor could the surety drive the beneficiary in a trust to a separate suit against the executors. Bosworth v. Allen, 168 N. Y. 157, 61 N. E. 163, 55 L. R. A. 751, 85 Am. St. Rep. 667.

[12] A surety may keep aloof from any participation in his principal's fraud, in which case he would only be held on the basis of his bond. The moment he abandons that position and participates in and deals with the principal in the fraud, he will be stripped of his benefits and made to respond with his principal in damages. Fincke v. Bundrick, 72 Kan. 182, 83 Pac. 403, 4 L. R. A. (N. S.) 823; 11 R. C. L. p. 604.

[13] Whether there was any damage done to appellee, or whether she suffered any loss

other than the difference between the two contracts, she is entitled to relief because of the fraud, in accordance with the jury's finding. Henninger v. Heald, 52 N. J. Eq. 431, 29 Atl. 192, and authorities cited. A court of equity may reach the property in the hands of any person not innocent. Especially, see Home Investment Co. v. Strange, 152 S. W. 512 (opinion by the Chief Justice of this court); Satterthwaite v. Loomis, 81 Tex. 64, 16 S. W. 618; 1 Perry on Trusts, § 166; Gillean v. Witherspoon, 121 S. W. 913, 914. It makes no difference in regard to the nature of the trust, whether constructive or otherwise; the remedy is plain, either to recover the property or the proceeds. Fidelity & Deposit Co. v. Wiseman, 103 Tex. 286, 124 S. W. 622, 126 S. W. 1109; Satterthwaite v. Loomis, supra. Equity will create a remedy adequate to administer the most complete justice in any case. May v. Le Claire, 11 Wall. 217, 20 L. Ed. 50; Fincke v. Bundrick, 72 Kan. 182, 83 Pac. 403, 4 L. R. A. (N. S.) 820.

For the same reason we believe the court should have entered judgment for appellees, as contended in the fourth cross-assignment, on the finding of the jury upon the issue submitted to them, being the amount lost to said estate growing out of the sale to Maulding & Fullerton about March 25, 1914, which land was recovered for the estate at a loss of $10,000, which was charged against the estate by the executors, contending: The will authorized such sales only as necessary to pay debts, and none for credit. Inside of 40 days after having qualified and taken possession of the estate, the executors sold and delivered the entire ranch of 6,100 acres to Maulding & Fullerton for all credit and not a dollar cash. The face value of the notes received, together with the personal property, was easily three times the amount of the aggregate of all debts, none of which were due. Appellees pleaded that this sale was negligently made and entailed a great loss upon the estate, and sued to recover such loss.

The jury found that the sale was made without the exercise of ordinary care. L. E. Bain admitted that this transaction incurred losses in excess of $10,000, which had been charged against and paid by the estate. Appellees made motion for judgment for $10,000 and interest based on the verdict, which motion was overruled by the court, and to which appellees duly excepted. The court properly submitted the issue to the jury; then refused to render judgment thereon. Pomeroy, Equity, § 1070; Thompson on Wills, § 414; Barth v. Fidelity & Columbia Trust Co., 188 Ky. 788, 224 S. W. 351.

We sustain this cross-assignment.

We now come to the consideration of the brief of appellants L. E. Bain and A. J. Park-

228 S.W.—37

er, individually and as executors of the estate. Hereafter, to distinguish them as appellants from appellant J. L. Bain, we will refer to them only as executors. In considering the brief of J. L. Bain, necessarily we have had to discuss similar questions presented here, and where we have already done that we will pass the assignments and propositions without comment other than to overrule or sustain them.

We overrule the first assignment complaining of the supposed error of the court in consolidating the causes for the reasons heretofore given.

For reasons heretofore given, we overrule the second assignment complaining of the action of the court in overruling the fourth special exception to the fourth and original bill of review contained in paragraph 5 of the answer. We do not think there is any merit in the exception. We have heretofore discussed it.

We overrule the third assignment for reasons heretofore given. We think the issue contained in No. 1 of the court's charge was sufficient and proper, and the pleading sufficiently alleged fraud on the part of the executors in the matter of allowance and payment of J. H. Maulding claim.

We overrule the fourth assignment, complaining of the action of the court in submitting special issue No. 2. We think the petition was sufficient on the allegations of fraud that L. E. Bain induced Mrs. Ira Butler, by false representations, to execute and deliver to him the power of attorney and contract of date January 26, 1915, because she relied on such false statements and representations. She stated she relied on him and had great confidence in him. In fact, she was living in his house at the very time and lived there with him and his family for a period of some years.

We overrule the fifth assignment. We think question No. 2 is neither vague nor uncertain, and that it sufficiently submits correct elements of fraud.

In these assignments that complain of the special issues of the court, as many do, in so far as they challenge the sufficiency of the pleading or the evidence, they are overruled because they are without merit. We have already passed on them and hold the pleading sufficient and the evidence justifies the submission of the issues and the verdict of the jury thereon. Again, in so far as they complain of the sufficiency of the charges themselves submitting issues, if they were not sufficient it was the duty of the appellants, all of them, to submit correct charges on the subject, which was not done. Hence we overrule assignments Nos. 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34 and 35.

There is a mass of testimony, lengthy pleading, and numerous issues and the many

questions raised, but we have gone into and investigated every question raised by assignments properly or otherwise, and discussed them, though not perhaps in the order presented.

Those portions of the judgment are reversed that denied a recovery to appellee for the 878.89 acres of the remaining unsold land, and which refused to cancel deed of trust to L. E. Bain by J. L. Bain of February 15, 1917, and that portion denying a recovery for the $15,000 realized from the sale of land, and that portion of the loss sustained, account of Maulding sale of $10,000, established by the undisputed evidence, and that part of the court's judgment awarding to appellee $28,887.43 is reversed, and judgment rendered for appellee against the appellants as principals and sureties for $15,000 found by the jury as net profits with lawful interest, realized from sales of land alleged fraudulently procured and for $10,000 damages arising on account of Maulding sale of land, and affirm that part of the judgment in favor of appellee for $28,543.26.

The judgment of the district court is reversed, and judgment is here rendered in favor of appellees, against appellants for $15,000 net profits arising from the fraudulent sale of lands, for $10,000, accruing from Maulding sale of land, and for $28,543.26, amounting in the aggregate to $53,543.26, with 6 per cent. interest from June 26, 1920, date of judgment in the trial court, and for all costs in this behalf expended.

Reversed and rendered.

### On Motion for Rehearing.

Appellants have filed motions for rehearing and presented their argument in support of the grounds upon which it is predicated. They seem to think our opinion was delivered in too short a time to have given it the consideration it deserved. This case was submitted on December 4, 1920, and opinion delivered January 19, 1921. Appellants filed two very lengthy separate briefs on December 3d, and followed by manuscript briefs filed on December 5, 1920. Appellees filed their briefs on January 5, 1921. We worked very hard on this case, and the whole court gave it most earnest consideration. The briefs of appellants were unusually lengthy, and quoted at great length from the testimony. Long prior to the filing of appellees' briefs we had closely examined the record to become familiar with the issues of fact and law involved, and had read and considered every proposition presented as well as the authorities cited. We were then and now unusually aided by the able briefs of both parties. And now on this motion we are aided by the further fact that in addition to the motion for rehearing appellants filed a written brief and argument, with citation of authorities relied on. The appellees have filed answer to the motion for rehearing and written argument, together with citation of authorities relied on. By the great pains and industry displayed and by the very able briefs and arguments of both parties our work has been greatly lightened. It is a mistaken idea to suppose this court, and each member thereof, does not give proper consideration to motions for rehearing, for they do. This is shown often by our change of opinion in granting them. It must not be supposed, because we do not always write on such motions, they have not been considered. It would not be practical to write on every motion, for, besides increasing the litigants' costs, it would unnecessarily incumber the law books.

We have carefully read every line of appellants' motion and argument in support thereof and every authority cited, and see no reason to change our views.

It is to be noted that appellants all through the proceedings treated the will as independent. In the petition for certiorari from the district court, one of the very grounds alleged for review was the alleged error of the county court in holding it not to be an independent administration. It seems throughout the entire administration, until about May, 1917, it was treated as an independent administration. The very plain contention so made by the pleading of the appellants that it was an independent administration is binding upon them, contending therein for such reason the county court had lost control of the estate for the purpose of an accounting on the bill for review, and thereupon pleaded against appellees the statute of two years' limitation to the bill of review. So treating it as an independent administration, by the prayer of the petition, they themselves invoke the jurisdiction of the district court and "pray for any and all such additional relief, general and special, legal and equitable, as may be their due upon all the facts herein shown." This was duly sworn to by A. J. Parker, one of the parties. Appellants cannot be heard to complain that the district court took their view of the administration.

Appellants say:

"We earnestly beg this court now to find, as an affirmative fact, that appellees have not, in their pleadings or in their proof, made any attack whatsoever on the original contract of February 15, 1916. Such fact finding is absolutely required by the evidence, and when once found it will eliminate any possible favorable consideration of appellees' first, second, and third cross-assignments of error."

We cannot find the facts as stated by appellants above, but do observe from appellants' third amended original answer that it was therein pleaded that the agreement of February 15, 1916, was modified and merged into a new contract, and that said notes were returned to J. L. Bain. J. L. Bain him-

self testified: "We canceled the contract and that canceled my notes so far as I was concerned." The issue was made by the pleadings and the proof, and appellees attacked the sale made by the executors and Mrs. Butler to J. L. Bain of the 3,100 acres as fraudulent, causing a large loss in money to said estate.

Appellants request us to carefully read the authorities cited by them. This we have done, and would have done anyway, but see nothing in them to change our views of the proper disposition of this case. We see no reason to further lengthen this opinion by discussing and reviewing the authorities cited as appellants request. There is nothing new in this motion or argument that has not already been well presented by the able counsel for appellants.

The motion for rehearing is overruled.